## Appeal of THE MACMILLAN CO.

Docket No. 5240. Submitted March 17, 1926. Decided June 28, 1926.

Item allowed as invested capital.

*Raymond B. Goodell, Esq.,* and *Edward B. Burling, Esq.,* for the petitioner.

*M. N. Fisher, Esq.,* for the Commissioner.

Before GRAUPNER [1] and TRAMMELL.

This appeal is from the determination of deficiencies in income and profits taxes for the fiscal years ended April 30, 1919, 1920, and 1921; in the amounts, respectively, of $12,233.17, $5,687.03, and $12,928.04— a total of $30,848.24. The Commissioner refused to allow as invested capital for the fiscal year 1919 the sum of $109,968.30, representing the amount by which the inventory was understated at the beginning of the year. Two other issues raised by the pleadings were abandoned by the taxpayer at the hearing.

### FINDINGS OF FACT.

Petitioner is a New York corporation with its principal office at New York City.

In the valuation of its inventories at the close of the fiscal years 1918, 1919, 1920, and 1921, the petitioner, in accordance with the practice which it had followed for many years prior thereto, deducted 20 per cent from the gross valuation to provide for damaged stock. The amounts of the aforesaid deductions at the respective dates were as follows:

| | |
|---|---|
| 1918 | $109,968.30 |
| 1919 | 105,794.36 |
| 1920 | 135,066.79 |
| 1921 | 170,622.08 |

---

[1] This decision was prepared by Mr. Graupner during his term of office.

The net income reported by the taxpayer in its income and profits-tax returns for the fiscal years affected was based upon the inventories thus reduced.

Upon examination of the returns for the three years under consideration, the Commissioner recomputed the taxable income upon the basis of the inventories without the aforesaid deductions. However, in computing the petitioner's invested capital for the fiscal year 1919, the Commissioner excluded therefrom the amount of the reduction in inventory at the close of the fiscal year 1918, to wit, $109,968.30.

### OPINION.

GRAUPNER: In accordance with a practice which it has followed for many years, the petitioner has valued its inventories at the close of the fiscal years 1918 to 1921, inclusive, on the basis of 80 per cent of the gross valuations. The purpose of valuing its inventories on such a basis was to make provision for damaged goods, which would otherwise be included therein at 100 per cent of cost or market, according to the basis used by the taxpayer in making the gross valuation. These reduced inventories were used by the taxpayer in computing its taxable income for the three years involved in the appeal. However, the Commissioner rejected the taxpayer's inventory values, and has recomputed the net income on the basis of inventory values representing 100 per cent of the taxpayer's gross valuations. The reduction in the inventory at the close of the fiscal year 1918, occasioned by the taxpayer's valuing the same at 80 per cent of the gross valuation, amounted to $109,968.30. The Commissioner added the latter amount to the opening inventory for the fiscal year 1919, for the purpose of computing the net income of that year, but has disallowed said sum of $109,968.30 as invested capital for the same year. To the taxpayer's allegation of error on this proposition, the Commissioner interposes an answer denying error and sets out as a proposition of law that " Where a taxpayer's closing inventory for a fiscal year ending in 1918 is understated by 20%, in accordance with a fixed policy which had been in force for a number of years, the amount by which such closing inventory for the fiscal year ending in 1918 is understated does not constitute earned surplus or undivided profits and should not be included in invested capital for the succeeding fiscal year." In effect the Commissioner contends that the earned surplus should be reduced by a loss for damaged goods, which loss has not yet been realized for income-tax purposes and which loss the Commissioner refuses to recognize in computing income. There is no more ground for decreasing earned surplus by unrealized depreciation than for increasing earned sur-

plus by unrealized appreciation. That the latter may not be done is established. *La Belle Iron Works* v. *United States*, 256 U. S. 377.

Something was said by counsel for the Commissioner, during the course of oral argument, relative to article 841 of Regulations 45 and the application of the provisions thereof to the proposition we are here considering. In that article the Commissioner has recognized the right of taxpayers to adjust their surplus accounts, for invested capital purposes, so as to eliminate errors occasioned by taking inventories upon a wrong basis of valuation, etc., but has made such right dependent upon the filing of amended returns for each year in which an erroneous return has been made. We can not concede, however, that the filing of amended returns, showing correct computations of net income for prior years, can be made a condition to correct determination of a taxpayer's liability for income and profits taxes for subsequent years. The fact that a taxpayer has paid lower taxes for prior years than those which were rightfully due, because of erroneous computations of taxable income, and that the statute of limitations now bars the assessment and collection of any deficiency for those years, does not justify an erroneous computation of its tax liability for any subsequent year. *Appeal of Goodell-Pratt Co.*, 3 B. T. A. 30. Income and profits taxes are levied with respect to annual periods, and each annual period must necessarily stand by itself. *Appeal of Atkins Lumber Co.*, 1 B. T. A. 317.

A recomputation of net income for all prior years on the basis of corrected inventories, to establish the correct earned surplus at the beginning of the taxable year 1919, is unnecessary, since the net result must necessarily be the equivalent of the error in the last preceding inventory. Therefore, to add to the earned surplus at the beginning of the taxable year 1919, as shown by the books of account, the amount by which the inventory at the close of the preceding taxable year was understated, will result only in reflecting the true earned surplus at the date first mentioned, and it is the true earned surplus which the taxpayer is entitled to include in invested capital under the provisions of section 326 of the Revenue Act of 1918. The invested capital for the fiscal year 1919, as determined by the Commissioner, should be increased by the sum of $109,968.30, representing the amount by which the inventory was understated at the close of the preceding taxable year.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*

GREEN concurs in the result only.

VAN FOSSAN did not participate.