STAUB COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12908.   Promulgated May 15, 1929.

*Sam E. Whitaker, Esq.,* for the petitioner.
*Maxwell E. McDowell, Esq.,* for the respondent.

**OPINION.**

MURDOCK: Counsel for the petitioner has made no oral argument of his case and has filed no brief. At the hearing he contended that Werner transferred the lease to the petitioner for $21,500 of its capital stock, the lease was worth $21,500, and the company paid that for it in its stock. In the petition a somewhat different allegation appears, to wit, that Werner entered into an agreement for the execution of a lease on very favorable terms and upon the organization of the petitioner had the lease executed to that company. The

facts are that the petitioner entered into the lease contract with the Staubs and paid the latter nothing for the lease, $21,500 par value of the petitioner's stock was issued to Werner for his services in securing the lease, and, furthermore, the lease cost Werner nothing and was acquired by him after March 3, 1917. Under section 331 of the Revenue Act of 1918 the lease could not be allowed any value for the purpose of determining invested capital, since at the time it was acquired by the corporation Werner acquired more than 50 per cent of the stock of the petitioner. So it is apparent in any event that on the question of invested capital the determination of the Commissioner must be approved, and it is not necessary for us to consider or decide what otherwise might have been the effect upon invested capital of the circumstances surrounding the acquisition of this lease and the issuance of the stock.

The petitioner further contends that it is entitled to exhaustion of the lease based upon the cost of the lease, the total number of tons of merchantable coal underlying the lease, and the number of tons mined in the year in question. It contends that the total number of tons of merchantable coal underlying the leasehold can now be accurately determined from the number of tons mined by the two companies, as set forth in our findings of fact. We have heretofore held that a taxpayer is not permitted to revise a deduction of this kind for a given year on the basis of facts determined in subsequent years. *Sterling Coal Co.*, 8 B. T. A. 549; *Philadelphia Quartz Co.*, 13 B. T. A. 1146. See also *Kehota Mining Co.* v. *Lewellyn*, 30 Fed. (2d) 817, affirming the District Court case of the same name in 28 Fed. (2d) 995. The only information which we have as to the probable recoverable tonnage under the lease estimated as of 1920 was introduced by the respondent over the objection of the petitioner and consists of a report supposed to have been made by the petitioner in a booklet entitled "Form E schedule for Valuation of Coal Properties To Determine Invested Capital, Depletion, and Profit and Loss from Sale of Capital Assets," dated August 30, 1923, in which, under the heading "Tons recoverable," the figure 375,000 appears. Unless we regard this report as evidence submitted by the respondent against his own interest, at least one of the factors for the determination of a depletion allowance would be missing. Another necessary factor for the determination of such an allowance would be the cost to the petitioner of the thing being depleted. From our findings of fact it is apparent that the lease cost the petitioner nothing. It is true that the petitioner issued $21,500 par value of its capital stock to Werner in consideration of his services, but we do not know what his services were reasonably worth or the fair market value of the stock issued to him and we are not satisfied from the evidence what amount, if any, represents the value of the lease at the time acquired by the petitioner

over and above the rent or royalty reserved. Several witnesses testified in regard to such value of the lease at the time acquired. Their testimony however did not disclose that any one of them was qualified to give an opinion of this value or that the values given by them were entitled to serious consideration by this Board. Under the circumstances we are unable to say that the petitioner for the year 1920 was entitled to a deduction in any certain amount for exhaustion of this lease.

*Judgment will be entered for the respondent.*