BIG FOUR OIL & GAS COMPANY, PETITIONER, *v*. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 54478.    Promulgated May 11, 1933.

*William J. Byrne, Esq.*, and *Thomas J. Reilly, Esq.*, for the petitioner.

*Frank B. Schlosser, Esq.*, for the respondent.

OPINION.

MARQUETTE: Petitioner contends that the respondent had no authority to reestimate the amount of remaining recoverable reserves. It takes the view that the right to have such reestimate is a relief provision for the sole benefit of the taxpayer.

Section 23 (1) of the Revenue Act of 1928 authorizes as deductions from gross income:

In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. * * *

Article 230 of Regulations 74 provides:

*Determination of quantity of oil in ground.*—In the case of either an owner or lessee it will be required that an estimate, subject to the approval of the Commissioner, shall be made of the probable recoverable oil contained in the territory with respect to which the investment is made as of the basic date. The oil reserves must be estimated for all undeveloped proven land as well as producing land. When information subsequently obtained clearly shows the estimate to have been materially erroneous, it may be revised with the approval of the Commissioner.

From the foregoing the petitioner reaches the conclusion that a revised estimate may be made by the owner or lessee but not by the Commissioner, and that the latter's function is restricted to approving or disapproving the estimate submitted.

We can not concur in that viewpoint. The regulation does not specify who shall make the revised estimate, should one be necessary. It simply provides that an erroneous estimate may be revised with the approval of the Commissioner. If the latter makes the revision himself, fairly and without arbitrary caprice, it may be assumed that he approves his own handiwork. In such case the requirements of the regulation will have been fully met. If the taxpayer submits a revised estimate which the Commissioner does not approve, and then another, and keeps on until approval is finally won, the ultimate result is that the Commissioner has, in effect, made the revision. We find nothing in the regulations to prevent the Commissioner from doing directly that which, as petitioner contends, he might do circuitously.

Petitioner's next point is that oil reserves may be reestimated only when it appears that the first estimate was materially erroneous, and that in the present case the error was too small to be material. Petitioner compares the amounts added to reserves with the original estimate. Taking the three leases in the aggregate, the comparison shows an error of 6.08 percent. We do not agree with the petitioner that the error is so small as to be immaterial. In the present case it amounts to 110,000 barrels of oil, which is by no means inconsiderable. We think it amply sufficient to justify the revision in question.

Petitioner further contends that the changed unit rate of depletion can not be applied to the year 1928, on the ground that it was not until February 7, 1931, (date of the 60-day letter) that the Commissioner determined new estimates of the oil reserves of the leases and changed the unit rate of depletion as of January 1, 1928. Several decisions are cited to the effect that revised estimates and depletion rates may not be applied retroactively.

The evidence discloses that during the year 1928 an error in the original oil estimate was discovered. It does not appear just when the new estimate was made, but certainly there was no acceptance of the original estimate as a basis for allowing depletion deductions for 1928. But although the reestimate may have been computed subsequent to the taxable year, it was a part of the due consideration given to the determination of the proper tax for that year. The conditions now before us are thus distinctly different from those in *Sterling Coal Co., Ltd.*, 8 B.T.A. 549, which is strongly relied upon by the petitioner. In that case the question was whether depletion deductions might be determined upon facts developed and ascertained and estimates made subsequent to the taxable years, where estimates had already been determined and accepted as fair and reasonable for

those years. We held that under those circumstances the tax for the years then in question might not be redetermined upon the basis of the subsequent estimate. *Staub Coal Co.*, 16 B.T.A. 584, rests upon similar facts.

In *Stouts Mountain Coal Co.*, 4 B.T.A. 1292, depletion was allowed by the Commissioner for the years 1920 and 1921 upon the basis of the original estimate of recoverable reserves. During 1921 it was discovered that the amount of reserves was far less than at first estimated. We there held that the subsequently discovered facts might be utilized to revise the basis for computing depletion for the year (1921) in which the facts first became apparent. That case is directly in point with the present proceeding.

In *Kehota Mining Co.* v. *Lewellyn*, 28 Fed. (2d) 995; affd., 30 Fed. (2d) 817, it was held that a new estimate of coal recoverable could be used only in determining allowances to be distributed to capital remaining to be recovered, but it could not change allowances already deducted in prior years on the basis of the original estimate.

In the light of the above decisions it seems clear that the revised estimate in the present proceeding, made upon facts appearing during 1928, may properly be applied in determining the depletion allowance for that year, and we so hold. Petitioner admits that respondent's computation is correct, if he had authority to make it, except as to the Buchanan lease, and respondent admits error in that respect. The full amount of depletion deduction for that lease, as claimed by petitioner, should be allowed. With that adjustment the respondent's determination will be correct.

*Decision will be entered under Rule 50.*