*SAMPLE-DURICK COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 83637.

*William W. Johnston, C. P. A.* for the petitioner.
*E. C. Adams, Esq.,* for the respondent.

MEMORANDUM OPINION.

VAN FOSSAN: This proceeding involves a deficiency of $577.97, income taxes for the calendar year 1933. The issue presented is the amount of depreciation on machinery to which taxpayer is entitled. The facts, partly stipulated, are undisputed.

The taxpayer is a New York corporation with its principal place of business at Indian Orchard, Massachusetts. Its income tax return for 1933, filed March 12, 1934, reported net income of $1,441.57 and a tax liability of $198.22. In computing this net income petitioner deducted $7,270.86 as depreciation.

Under date of February 14, 1936, respondent determined petitioner's tax liability for 1933 to be $776.19, and asserted the present deficiency. One of respondent's adjustments was the reduction of the depreciation allowance to $3,172.65.

The total original cost of machinery on hand at December 31, 1932, and in use in 1933 by the taxpayer, is $70,972.77. The accumulated depreciation to December 31, 1932, is $56,459.66, leaving an undepreciated balance of $14,513.11. The respondent has allowed depreciation of $1,978.66 upon the items of machinery included in said $14,513.11. Machinery additions in 1933 cost petitioner $25,509.89, and the depreciation allowance thereon is agreed to be $396.36.

In determining the 1933 depreciation deduction of $1,978.66 on machinery acquired prior to January 1, 1933, the respondent and petitioner agreed upon the estimated remaining life of each piece. There is no dispute as to depreciation of assets other than machinery.

On October 18, 1935, the taxpayer filed amended income tax returns for the years 1931 and 1932 despite the fact that the statute of limitations respecting assessment of additional taxes for 1931 and 1932 had expired prior to October 18, 1935. The only change in the amended returns, from the originals, was a decrease in the item of depreciation of machinery. These decreases amounted to $6,-059.06 and $5,775.48, respectively. The taxpayer's original return for 1931 reported a loss of $4,600.71. The amended return reported income of $1,458.35, but no tax liability due to the $3,000 exemption.

Taxpayer's original return for 1932 disclosed a net loss of $7,-776.03, made up a net loss of $4,603.27 applicable to 1931 operations,

*Entered and copies served on parties May 13, 1937. Now published for general information.

and a net loss of $3,172.76 applicable to 1932 operations. Taxpayer's amended return for 1932 reported net income of $2,602.72, (resulting from applying against the above-mentioned loss of $3,172.76 a depreciation deduction of $5,775.48 less than that taken upon the original return), and a tax liability of $357.87, which was voluntarily paid upon the filing of the amended return on October 18, 1935. Subsequently, respondent demanded and petitioner paid interest of $7.34 on the $357.87 additional tax for 1932.

The taxpayer's adjustment of depreciation on machinery is arrived at by going back two years from January 1, 1933, to January 1, 1931. The petitioner adds two years to the January 1, 1933, life of each piece of machinery in order to obtain the estimated remaining life at January 1, 1931. The undepreciated balance of each machine at January 1, 1933, is then increased by the depreciation taken in 1931 and 1932. This gives a total undepreciated balance at January 1, 1931, of $31,581.39. Each piece of machinery is then depreciated by dividing the undepreciated balance at January 1, 1931, by its remaining life at that date.

The decrease in expense by way of depreciation and consequent increase in income for 1931 and 1932 of $6,059.06 and $5,775.48, respectively, subjects only $2,602.72 of said increase to the income tax. If this adjustment is projected into future years, the depreciable base will be increased $11,834.54, being the decrease in the 1931 and 1932 depreciation allowances, and the depreciation deduction for 1933 and later years will be increased over the amounts allowable under respondent's computation.

At the hearing respondent pleaded that the Board has no jurisdiction because the question herein is one "purely within the jurisdiction of the Commissioner of Internal Revenue." In support of his plea respondent contends that the question of whether he must accept amended returns for years barred by the statute of limitations is a matter of internal administration within the Bureau of Internal Revenue.

This plea to the jurisdiction must fail. All the jurisdictional facts necessary for the Board's consideration of this proceeding are present. A deficiency was duly determined, a timely appeal was filed, and the issue raised by petition and answer is properly before the Board for consideration. In our view of this proceeding the internal administrative policies of the Bureau are not involved. We have to determine whether the respondent has correctly computed the depreciation deduction to which petitioner is entitled in 1933. In determining this question it is unnecessary to consider whether the Bureau should accept or reject amended returns for prior years filed after the running of the statute of limitations. We can not agree that our decision herein is controlled by *Kunkel & Co., Inc.*,

3 B. T. A. 133, or by *The Macmillan Co.*, 4 B. T. A. 251. The cited cases support the rule that erroneous computations in prior years can not justify a continuance of the error in the present taxable year. See also *Union Metal Manufacturing Co.*, 1 B. T. A. 395, 399.

All the basic facts involved in this issue are agreed. The undepreciated cost of the various items of machinery at January 1, 1933, is agreed to be $14,513.11. The cost of additions during 1933 is agreed. The remaining life of each piece of machinery at January 1, 1933, and the additions are agreed. Petitioner agrees further that, if the adjustment requested is denied, the respondent's computation is correct. Each computation proposes to secure only the return of the capital investment, thereby eliminating any question of double deduction.

It is the taxpayer's contention that since the parties have agreed to a change in the remaining life at January 1, 1933, that this change can be carried back so as to become equally effective at January 1, 1931. The difference between petitioner's and respondent's methods of computing the depreciation allowance can be illustrated by taking the first item of machinery on the schedule submitted in evidence. This machine, a Babcock cutter and creaser, was acquired in 1923 at a cost of $9,581.75. It had an estimated life at January 1, 1933, of 5½ years, and an undepreciated balance at January 1, 1933, of $2,302.41. The respondent allowed depreciation thereon of $418.62 for 1933. Petitioner, taking the same starting point, January 1, 1933, added thereto the depreciation allowances in 1932 and 1931 and determined an undepreciated balance at January 1, 1931, of $4,218.77. Spreading this unextinguished cost over a remaining life of 7½ years, petitioner computed a depreciation allowance for each of the years 1931, 1932 and 1933 of $562.50.

Respondent's computation is based upon T. D. 4422,[1] which sets forth the method of computing the depreciation allowance. The

---

[1] Articles 205 of Regulations 77 and 74 are hereby amended to read as follows:

ART. 205. *Method of computing depreciation allowance.*—the capital sum to be recovered shall be charged off over the useful life of the property either in equal annual installments or in accordance with any other recognized trade practice, such as an apportionment of the capital sum over units of production. Whatever plan or method of apportionment is adopted must be reasonable and must have due regard to operating conditions during the taxable period. The reasonableness of any claim for depreciation shall be determined upon the conditions known to exist at the end of the period for which the return is made. Where the cost or other basis of the property has been recovered through depreciation or other allowances no further deduction for depreciation shall be allowed. The deduction for depreciation in respect of any depreciable property for any taxable year shall be limited to such ratable amount as may reasonably be considered necessary to recover during the remaining useful life of the property the unrecovered cost or other basis. The burden of proof will rest upon the taxpayer to sustain the deduction claimed. Therefore, taxpayers must furnish full and complete information with respect to the cost or other basis of the assets in respect of which depreciation is claimed, their age condition and remaining useful life, the portion of their cost or other basis which has been recovered through depreciation allowances for prior taxable years, and such other information as the Commissioner may require in substantiation of the deduction claimed.

reasonableness of the regulation is conceded by taxpayer, since its method of computing the depreciation deduction simply carries T. D. 4422 back to January 1, 1931. Taxpayer claims the right to do so because net losses resulted from its business operations in both years. Under its method of computing depreciation net income resulted for both 1931 and 1932 which would eliminate any net loss "carry over" in determining 1933 tax liability. Despite the fact that the statute of limitations barred the assessment of any deficiency for either year, taxpayer has waived this defense and paid the tax liability of $357.87 plus $7.34 interest on its 1932 income.

The reported cases reveal that this question has arisen principally in cases involving depletion allowances. Where the basis has proven to be materially erroneous the Board has allowed a revision of the estimated content in order to properly deplete the natural resource. The revised estimate is then depleted over the remaining life; it can not be carried back and the allowances for prior years revised. *Sterling Coal Co., Ltd.*, 8 B. T. A. 549; *James R. McCahill*, 29 B. T. A. 1080; *Big Four Oil & Gas Co.*, 28 B. T. A. 61, affd., *Big Four Oil & Gas Co.* v. *Commissioner*, 83 Fed. (2d) 891.

The same principle is applicable here although we are concerned with a depreciation allowance. This allowance is for the purpose of correctly reflecting a taxpayer's net income, and if the depreciation allowance properly reflects net income or net loss under the known facts for the taxable year, the deduction should stand. Cf. *Dusenberg, Inc.* v. *Commissioner*, 84 Fed. (2d) 921, affirming 31 B. T. A. 922. Facts that are subsequently developed should be reflected in the allowances for subsequent years, but they should have no retroactive force or effect. *Alpin J. Cameron et al.*, 8 B. T. A. 120; *Firemen's Insurance Co.*, 30 B. T. A. 1004, 1011, and cases there cited.

In determining the deficiency for any taxable year the Board is entitled and required to consider facts relative to other taxable years that have a bearing on the correct tax liability of the year involved. Section 274 (g), Revenue Act of 1926. In this proceeding the prior years' tax liability is pertinent only if a net loss was used to reduce 1933 income. This was a matter of proof, which petitioner was bound to establish before being entitled to relief. Since the record does not establish that 1933 income was reduced by prior years' net losses, respondent's determination must be approved.

*Decision will be entered for the respondent.*