WOBBER BROTHERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

·Docket No. 77387. Promulgated April 20, 1937.

*Leon de Fremery, Esq.*, and *F. C. Hutchens, Esq.*, for the petitioner. *Wilford H. Payne, Esq.*, for the respondent.

OPINION.

.SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1930 in the amount of $3,812.28. Petitioner alleges that the respondent erred in determining the deficiency in computing a profit of $90,294.29 upon the sale of 3,024 shares of the capital stock of Paramount Publix Corporation.

The petitioner is a California corporation, with its principal office in San Francisco. In 1927 it purchased through a margin account 1,500 shares of the capital stock of Paramount Famous Players Lasky Corporation, paying therefor $158,499.58. It also, in the same year, purchased through its margin account 292 shares of the capital stock of the same corporation for $28,769. The cost of the 1,792 shares of stock purchased was $187,268.58. In 1928 it sold the 1,500 shares of stock purchased for $158,499.58 for $202,165, realizing a profit on the sale of $43,665.42. By mistake it used as the basis for computing the profit $187,268.58 and reported a profit of $14,896.42. The error in the return was not discovered by the respondent until it was too late to assess any additional tax for 1928.

The 292 shares of stock purchased at a cost of $28,769 were exchanged between 1928 and 1930 for 876 shares of Paramount Publix Corporation. Petitioner also prior to 1930 purchased 2,148 additional shares of Paramount Publix Corporation, paying therefor $122,013.57. In 1930 it sold the 3,024 shares of Paramount Publix Corporation stock for $212,307.86, realizing an actual gain upon the sale of $61;525.29. This is the amount of gain reported by the petitioner in its income tax return for 1930 as having been realized from the sale.

In the determination of the deficiency in this proceeding the respondent has added to the gain reported $28,769, making a total gain realized on the sale in 1930 of $90,294.29. In his notice of deficiency the respondent states:

In computing the profit on the sale of the 292 shares in the year 1930, the cost of the shares of $28,769.00, already deducted in 1928, was included. Having had the benefit of this deduction in the computation of your income tax liability for 1928, which benefit you have retained, you are now estopped to claim it again as a deduction in 1930.

For reasons stated in the deficiency notice the respondent in his answer to the petition pleads estoppel.

The parties have stipulated:

The entire deficiency asserted in the ninety-day letter is occasioned by the refusal of the Commissioner to allow deduction of any amount representing the cost of said 876 shares sold in the calendar year 1930 as aforesaid. If the Board decides in favor of the petitioner, there will be no deficiency, whereas, if the Board decides in favor of the Commissioner the deficiency will be the amount asserted in the ninety-day letter.

Section 113 (a) of the Revenue Act of 1928 states:

The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; * * *

The sole question presented by this proceeding is whether the petitioner is estopped to use the cost basis of $150,782.57 in computing

profit upon the sale of the 3,024 shares by reason of the fact that by mistake it used too large a basis by $28,769 in computing the profit realized upon the sale of 1,500 shares of the Paramount Famous Players Lasky Corporation stock in 1928.

In *Brant* v. *Virginia Coal & Iron Co.*, 93 U. S. 326, 335, it is stated:

It is difficult to see where the doctrine of equitable estoppel comes in here. For the application of that doctrine there must generally be some *intended deception* in the conduct or declarations of the party to be estopped, or such gross negligence on his part as to amount to constructive fraud, by which another has been misled to his injury. * * * [Emphasis supplied.]

In 21 Corpus Juris 1123, 1124, it is stated:

Knowledge of the truth as to the material facts represented or concealed is generally indispensable to the application of the doctrine of equitable estoppel, unless the ignorance of the party against whom the estoppel is claimed was the result of gross negligence or otherwise involves gross culpability * * *.

See also *United States* v. *Scott & Sons, Inc.* (C. C. A., 1st Cir.), 69 Fed. (2d) 728, 732; *Helvering* v. *Brooklyn City Railroad Co.* (C. C. A., 2d Cir.), 72 Fed. (2d) 274, 275; *Salvage* v. *Commissioner* (C. C. A., 2d Cir.), 76 Fed. (2d) 112; *Sugar Creek Coal & Mining Co.*, 31 B. T. A. 344; *Commissioner* v. *Yates* (C. C. A., 7th Cir.), 86 Fed. (2d) 748.

We are of the opinion that an innocent mistake made in a tax return affords no basis for the invocation of the doctrine of estoppel. The petitioner made a mistake in filing its income tax return for 1928. The statute of limitations has operated to bar the assessment and collection of any deficiency due for that year. The mistake made by the taxpayer in that year can not be charged against it in the determination of a deficiency in income tax for a succeeding year. The cost basis of the 3,024 shares of Paramount Publix Corporation sold in 1930 is $150,782.57. That is the amount actually paid by the petitioner for the shares sold. That amount may not be reduced by $28,769 representing the error in the base used by the petitioner in computing the profit made upon the sale in 1928 of 1,500 shares of stock of Paramount Famous Players Lasky Corporation.

This case is distinguishable upon its facts from *Lewis K. Walker*, 35 B. T. A. 640. The facts in that case were that a taxpayer who had recovered a large part of his cost of a block of stock upon a sale in a prior year on a first in, first out basis could use as the cost basis upon the sale of the balance in the taxable year only the balance of the unrecovered cost. In our opinion we said:

As we understand the first in, first out rule and the other methods for allocating cost, they are not rules of law in the strict sense, but merely rules of convenience or rules of thumb for making effective in several common

situations the provision· of the statute that a taxpayer can recover his cost before becoming taxable on any gain. The rules for allocation of basis are not ends in themselves, but only means to the end of returning to the taxpayer his capital investment free from tax, and if they have partially accomplished this result, even through what was perhaps an erroneous application of one method in a situation which more properly called for another, still we do not think it is now appropriate to apply retroactively a theoretically correct method and get an erroneous result. To apply petitioner's proposal here would leave him in 1930 with a larger basis than actually remains to him in view of the amount of the basis used in computing his gain on the earlier sales. It would result in his recovery of part of his basis twice. What has happened here is that the petitioner recovered $10,600 of his $14,110 basis prior to 1930, leaving $3,510 to be recovered. The statute authorizes the recovery of basis only once. With the exact basis susceptible of determination, and with all the stock finally disposed of, we think it would be error to substitute for the facts a theory which distorts the actual gain or loss. * * *

In the instant proceeding we are not concerned with the question of the application of the first in, first out method of computing the correct basis for the determination of the cost of the shares sold in 1928. The parties have stipulated that by mistake the wrong amount was used in the determination of the shares sold in 1928. The only question here is whether the petitioner by using the wrong amount as a basis in 1928 is estopped to use the correct basis in determining the profit upon the sale of shares in 1930. For reasons set forth above, the respondent's plea of estoppel is not sustained.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*

DISNEY dissents.