AUGUST HECKSCHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82000. Promulgated December 22, 1937.

*Horace N. Taylor, Esq.*, and *Winthrop G. Brown, Esq.*, for the petitioner.

*Philip M. Clark, Esq.*, and *Stanley B. Pierson, Esq.*, for the respondent.

#### OPINION.

VAN FOSSAN: This proceeding was brought to redetermine a deficiency in the income tax of the petitioner for the year 1932 in the sum of $2,847.93.

The sole issue is the deductibility of an alleged loss arising from the sale or exchange of certain stock, costing the petitioner $176,382.05, for real estate in which the petitioner's interest was limited to $150,000.

In 1921 the petitioner and his wife organized the Heckscher Foundation for Children, hereinafter called the Foundation. Its purpose

is to help the underprivileged. It owns a building at 104th Street and Fifth Avenue, New York City, equipped with gymnasium, library, swimming pool, theater, etc., and it also owns a summer camp at Peekskill.

In 1928 the petitioner gave to the Foundation a tract of land on Long Island containing 16½ acres and three or four dwellings. Due to the market crash of 1929, the income of the Foundation was greatly reduced and the property became a heavy burden. Thereupon the petitioner paid for the Foundation certain carrying charges amounting to over $16,000. He leased the land from August 1, 1930, to May 31, 1931.

The petitioner owned 2,500 shares of the capital stock of the Alcoma Corporation which he had acquired in December 1928 and had cost him $176,382.05. On June 17, 1932, the petitioner transferred to the Foundation the 2,500 shares of Alcoma stock and canceled its $16,000 obligation to him in exchange for the Long Island property. His agreement with the Foundation provided as follows:

I further agree that if, as and when, the property is sold, I will pay over to you such net sum as may be realized after deducting therefrom $150,000 representing original cost of the property and after deducting all costs of carrying, maintaining and selling the property, including taxes, repairs, improvements or expenditures of any kind in connection with the property, crediting, however, any income or rent received therefrom from and after the conveyance to me.

In his income tax return for 1932 the petitioner deducted as a loss the sum of $26,382.05 representing the difference between the cost of Alcoma stock to him and the maximum amount of his interest in the Long Island property. The respondent disallowed the deduction on the ground that the transaction between him and the Foundation was not entered into for profit.

The position of the respondent is precisely expressed in the following explanation of his disallowance of the deduction, contained in his notice of deficiency:

Your attention is directed to the contract under which the exchange was made wherein it was stated that if you sold the property received for the stock for more than $150,000.00 the value placed on the property, such excess should be returned to the Foundation. In view of the above it clearly shows that you could not under any consideration expect to make a profit and therefore, the transaction was one not entered into for profit.

Counsel for respondent concedes that he can find no authorities in support of his position.

The reasoning underlying respondent's action has been rejected in *R. W. Hale*, 32 B. T. A. 356; affd., 85 Fed. (2d) 882. There we said:

Respondent's position is based on the theory that the transaction which resulted in the loss in each case was the sale to Lura Hale. That was only one

of several steps, all of which can and must be retraced to find the origin of the transaction. We thus go back to June 6, 1929, when the stock was acquired by petitioners. That acquisition marked the inception of a "transaction entered into for profit" within the meaning of the statute. The principle of relation back to inception is fundamental in the tax statutes. In order to determine gain or loss the amount realized is compared with the basis, and the basis is a figure determined as of the time of acquisition—with a few exceptions, as, for instance, acquisition prior to March 1, 1913. Following a transaction through, it is ordinarily ended and gain or loss computed when property is sold. * * *

See also *Terry* v. *United States*, 10 Fed. Supp. 183.

In the case at bar the transaction was a simple one. The Alcoma stock was originally acquired in a transaction entered into for profit at a cost of $176,382.05. The petitioner sold or exchanged the Alcoma shares for Long Island property in which he obtained an interest of a value of not more than $150,000. Thus the value or price of the property received in exchange, i. e., an interest in the Long Island property, was fixed at $150,000 or less. Upon its sale petitioner can derive no profit. In this proceeding he claims a deduction of the loss. He contends that the events of the taxable year fix the amount of such loss. In the *Hale* case, *supra*, we expressly refrained from ruling on the situation that arises where the guaranty is satisfied in a later year. Neither are we called on to rule on such issue here. The reasoning of the *Hale* case is, however, applicable in the present proceeding and is controlling. The taxpayer here can never receive more than the specified amount of $150,000. The present measure of the value of the real estate is exactly $150,000. The cost of the Alcoma stock was $176,382.05. The difference between these sums, or $26,382.05, is the loss suffered by the petitioner by reason of the exchange. It is an allowable deduction from his gross income for the year 1932.

*Decision will be entered under Rule 50.*