JACOB J. COOLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68893. Filed November 6, 1959.

224

*T. Holmes Bracken, Esq.*, for the petitioner.
*Raymond T. Mahon, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* It is generally true, as petitioner contends, that a taxpayer is entitled to deduct the fair market value of property (other than money) contributed to a charity. Regs. 118, sec. 39.23(o)–1(g). But "fair market value" is not to be determined in a vacuum. To the contrary, it must be determined with respect to the particular property in question at the time of contribution, subject to any conditions or restrictions on marketability. In the present case it is clear that petitioner did not at any time have a right to resell the automobiles in question. He never intended to resell them and could not have done so without violating a specific condition of his arrangement with General Motors. Plainly, these automobiles were not marketable in petitioner's hands, and it would be completely unrealistic to permit him a deduction based on the 1952 retail value of marketable models. The situation is analogous to that presented in a wide variety of cases holding, in other contexts, that property otherwise intrinsically more valuable which is encumbered by some restriction or condition limiting its marketability must be valued in the light of such limitation. Cf., e.g., *Helvering* v. *Salvage*, 297 U.S. 106; *Helen S. Delone*, 6 T.C. 1188. Petitioner has not shown that he is entitled to deduct more than the $17,581.72, which the respondent allowed. Cf. *August Heckscher*, 36 B.T.A. 1181.

*Decision will be entered for the respondent.*