PENNSYLVANIA COMPANY FOR INSURANCES ON LIVES AND GRANTING
ANNUITIES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

Docket No. 32055.    Promulgated April 24, 1930.

*Joseph A. Lamorelle, Esq.*, for the petitioner.
*Harold Allen, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

702

BLACK: Briefly stated, it is contended by petitioner that, because of the peculiar nature of a Pennsylvania ground rent, the contract of sale herein did not become a closed transaction until the payment in full of the principal of the ground rent in 1927, and therefore was not taxable until then, while respondent contends that it was a closed transaction in 1925 and taxable then.

Mr. Justice Shiras, in the case of *Wilson* v. *Iseminger*, 185 U. S. 55, speaking of irredeemable ground rents under the laws of Pennsylvania, said:

It is defined to be a rent reserved to himself and his heirs by the grantor of land, out of the land itself. It is not granted like an annuity or rent charge, but is reserved out of a conveyance of the land in fee. It is a separate estate from the ownership of the ground, and is held to be real estate, with the usual characteristics of an estate in fee simple, descendible, devisable, alienable.

The decisions of the Pennsylvania courts are to the same effect. Cf. *Bosler* v. *Kuhn*, 8 W. & S. 186; *Harrison's Estate*, 217 Pa. 207; *McQuesney* v. *Hiester*, 33 Pa. 435; *Mitchell* v. *Steinmetz*, 97 Pa. 251; Nicholson on Pennsylvania Real Estate, p. 65.

It results that when the petitioner delivered its deed December 22, 1924, the grantee therein became the absolute fee simple owner of the ground, subject to a ground rent reserved in favor of petitioner. The grantee had a fee simple estate in the land and the petitioner a fee simple estate in the ground rent. A transaction of this kind has been held to be a sale in *Juvenal* v. *Jackson*, 14 Pa. St. 519, where the court said:

Now a sale on a ground rent differs from an ordinary sale only in this, that the consideration in the first is an annual sum perpetually charged on the land, instead of a gross sum paid or secured, as in the second.

The court was there speaking of irredeemable ground rents, which have since been made redeemable by statute and may be so by contract. The deed in the instant case contained the unqualified written agreements of the grantee savings bank to pay the annual ground rent of $40,000 and to pay the principal sum of $800,000 in extinguishment thereof on or before 10 years from date of the deed. Thus, in addition to the ordinary reservation of ground rent, the deed carried the express obligation to pay $800,000. As we have seen in *Juvenal* v. *Jackson*, *supra*, that a transaction of this kind is a sale, and only differs from an ordinary sale in the method of collecting or securing the purchase price, it remains to consider when this sale took place.

Under the terms of the deed of December 22, 1924, the land, "together with all and singular the buildings and improvements thereon erected, ways, streets, alleys, passages, waters, watercourses, rights, liberties, privileges, hereditaments and appurtenances" were granted to the purchaser "to have and to hold" forever. Possession was taken by the purchaser. The petitioner received $500,000 cash and the written obligation of the purchaser to pay it $800,000 on or before 10 years after date, which it admits was always of the fair market value of the unpaid amount.

Ground rents have long been a popular form of investment in Pennsylvania and are used as a form of securing deferred payments on sales of real estate.

Counsel for petitioner in his brief lays much stress on the fact that the reservation of ground rent by the vendor of real estate in Pennsylvania is an interest in realty and he cites many Pennsylvania cases to support that contention. We have no disposition to deny these authorities, but do not regard them as changing the method of Federal income taxation on realty sales made in Pennsylvania from what they ordinarily are in other States. *Weiss* v. *Wiener*, 279 U. S. 333.

Under the facts in this case, which have been stipulated, we hold that the sale was made in the fiscal year ending November 30, 1925, and the profit was income for that year. *J. T. Pittard*, 5 B. T. A. 929; *Harry C. Moir*, 14 B. T. A. 23; *Davidson & Case Lumber Co.* v. *Motter*, 14 Fed. (2d) 137.

Reviewed by the Board.

*Judgment will be entered for the respondent.*