HELVERING, COMMISSIONER OF INTERNAL
REVENUE, v. SALVAGE.*

No. 173.   Argued December 2G, 1935.—Decided January 13, 1936.

*Assistant Solicitor General Bell,* with whom *Solicitor
General Reed, Assistant Attorney General Wideman* and
*Mr. John R. Benney* were on the brief, for the Com-
missioner.

*Mr. John G. Jackson,* with whom *Messrs. William H.
White, Jr.,* and *George B. Brooks* were on the brief, for
Salvage.

---

* Together with No. 280, *Salvage v. Helvering, Commissioner of
Internal Revenue.*   Certiorari to the Circuit Court of Appeals for the
Second Circuit.

Mr. Justice McReynolds delivered the opinion of the Court.

These cross writs bring up a judgment of the Circuit Court of Appeals, 2nd Circuit, which disapproved a deficiency assessment for 1929 income; and authorized recovery for overpayment below the taxpayer's claim.

The petition for certiorari in No. 173 asserts: "The question is—Whether the taxpayer is estopped to claim that the difference between the market value of the 1,500 shares as of December 30, 1922 and their cost to him constituted taxable income to him for 1922; and hence that the fair market value of these shares, and not their cost, is the basis to be used in measuring the gain from the disposition of the shares in 1929, no income from the transaction having been reported in 1922."

The points to be urged in No. 280 are stated thus— "The Circuit Court of Appeals erred: (1) In holding that the cost L .e of the preferred stock of American Viscose Corporation redeemed in 1929 was to be arrived at by taking as the fair market value of The Viscose Company stock the sum of $100 per share, insofar as the five-sevenths of said stock which was subject to the option to repurchase was concerned. (2) In making a finding as to the value of said optioned stock."

Prior to 1922, Salvage, the taxpayer, bought twenty-five shares, Viscose Company stock. He paid $166.66 for each one—for all $4166.66. In December, 1922, he acquired from the corporation 1500 shares for which he paid $100 per share ($150,000) and entered into an obligation to refrain from competing business, etc. Also, he agreed that during 1923 the corporation might repurchase five-sevenths of 1500 shares at par; during 1924, four-sevenths, etc. Intrinsically (when unincumbered) a share of the company stock was then worth $1164.70.

Later during 1922, all these shares (1525) were exchanged for 6100 preferred shares, redeemable at $110,

and 7625 common shares, American Viscose Corporation. The basis of exchange was four preferred and five common shares of new stock for one share of old. The taxpayer's return for 1922 (not in evidence) showed no gain from these transactions.

During 1929, American Viscose Corporation redeemed its preferred shares at $110; Salvage received $671,000. His return for that year disclosed as net capital gain the difference between that sum and $154,166.66, total outlay for the 1525 converted shares. Upon this, he paid the assessed tax. Apparently, he supposed apportionment between preferred and common stock of their total cost was impossible or unnecessary; also that no taxable gain arose before return of his entire outlay.

Upon an audit, the Commissioner ruled that proper apportionment of the total cost—$154,166.66—could be made. He assigned thirty-seven + per cent. to the preferred and sixty-two + per cent. to the common shares and made a deficiency assessment of $12,005.38. Thereupon, the taxpayer claimed, first that in 1922 each Viscose Company share was fairly worth $1164.70 and with that as the base, no taxable gain arose upon redemption of the preferred stock. Also that he had overpaid to the extent of $63,750. Second, that apportionment of the cost of both between preferred and common shares was impracticable and no taxable gain could arise prior to recovery of the full outlay.

Upon these conflicting claims, the Board of Tax Appeals took the matter. There the Commissioner asserted correctness of his action; he presented no affirmative defense; set up no claim of estoppel because of the taxpayer's failure properly to report 1922 gain.

The Board held the difference between the true value of Viscose Company shares and the price paid by the taxpayer was not compensation for services; also that the

deficiency assessment was properly made. Estoppel was neither presented nor considered.

The court below held that the consideration for the Viscose Company stock acquired in 1922 was $100 per share, plus the covenants to resell five-sevenths at par, etc. and not to engage in competing business. Also that the base cost for estimating capital gain in 1929 was the fair market value in 1922 of the shares then held. And since the corporation had the right to repurchase at par, the market value of five-sevenths did not exceed $100 per share. Further, that the failure to disclose 1922 taxable gain apparently resulted from innocent mistake of law; there was no false representation of fact; nothing gave support to the claim of estoppel. The cause was remanded for ascertainment of the amount of the overpayment.

We find no reason to disagree with the judgment of the court.

The defense of estoppel was not before the Board. Under what we regard as the correct practice, *General Utilities & Operating Co.* v. *Helvering*, 296 U. S. 200, the court should have passed the point. Furthermore, the facts disclosed give it no support.

Considering the option to repurchase at par, outstanding in 1922, there could be no proper finding of fair market value at that time in excess of $100 per share. In the circumstances, the court did not err in so holding.

Pertinent Treasury Regulations, rulings and judicial opinions are adequately pointed out by the court's opinion.

The judgment is affirmed. The cause will be remanded for further proceedings.

*Affirmed.*