ESTATE OF WILLIAM STEELE, JOSEPH M. STEELE, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73347.   Promulgated March 20, 1936.

*A. E. James, Esq.*, and *D. Hays Solis-Cohen, Esq.*, for the petitioner.

*Isador Graff, Esq.*, for the respondent.

OPINION.

ARUNDELL: The question here is whether the petitioner's share of the payment of $75,000 in 1931 in partial extinguishment of ground rent reserved in the sale in 1923 is taxable as income in 1931. The Commissioner apparently concedes that the payment is not income in 1931 under the governing revenue act (Revenue Act of 1928) and the decision in *Pennsylvania Co. for Insurances on Lives & Granting Annuities*, *supra*, but sets up as an affirmative defense that the taxpayer is estopped to deny a present liability by reason of its failure to pay the tax on the profit when realized in 1923 and by its implied agreement to pay the tax at some later date. The Commissioner does not make it clear what later date was contemplated but evidently he expected the tax to be paid in the years of receipt of payments in excess of the basis.

Under Treasury Regulations 62, articles 44, 46, and 1564, in force in 1923, and the *Pennsylvania Co.* case, *supra*, the entire profits of the sale were properly taxable in 1923 since the deferred payments for ground rent extinguishment had a readily realizable market value. However, at the time the Commissioner and taxpayer were negotiating about the matter in 1927, the *Pennsylvania Co.* case had not yet been decided and both the Commissioner and the taxpayer relied on O. D. 1089, 5 C. B. 98, as a correct interpretation of the law. It held that a sale reserving ground rents was not a closed transaction and no profit was realized thereon until the ground rents were extinguished. On this basis, the parties agreed that the sale was not taxable in 1923 and no deficiency was assessed. By the time the *Pennsylvania Co.* case finally determined the question to the contrary in 1930, the statute of limitations had run against any assessment for 1923. The Commissioner appeals to "broad principles of equity and fair dealing" to set up an estoppel against the taxpayer, alleging that the taxpayer induced him to refrain from an assessment in 1923 and impliedly agreed to pay the tax later when it should become due under the law as they then understood it.

We have found no misrepresentation whatever as to the facts of the transaction. The Commissioner was in possession of all the facts regarding it. The taxpayer invoked the Commissioner's own interpretation of the law and the Commissioner, believing it to be a correct interpretation, made no assessment for the year 1923. We have heretofore held that no estoppel can be predicated on a mistake of law in the absence of some misrepresentation of fact. *Sugar Creek Coal Mining Co.*, 31 B. T. A. 344; *Tide Water Oil Co.*, 29 B. T. A. 1208; *U. S. Trust Co. of New York*, 13 B. T. A. 1074. This rule has found support in *United States* v. *Scott & Sons*, 69 Fed.

**176**

(2d) 728, and the dicta of the Second Circuit and the Supreme Court in the recent case of *Salvage* v. *Commissioner*, 76 Fed. (2d) 112; 297 U. S. 106. The rationale of the rule is that everyone being presumed to know the law, the Commissioner is not justified in relying upon the taxpayer's interpretation thereof, and reliance is an essential element of estoppel. The Commissioner is duty bound to think and act for himself and make his own interpretations of the law. *Tide Water Oil Co., supra.*

The record discloses no agreement or understanding either expressed or implied in fact that petitioner would pay the tax in a later year if petitioner's interpretation of the law should ultimately prove erroneous—that eventuality was apparently not in the minds of the parties; both considered the Commissioner's interpretation correct. The taxpayer expected to obey the law if it remained unchanged but made no agreement to be bound by the current ruling if overruled by later authority. We see no justification for implying any such agreement as a matter of law. If the law were changed by act of Congress, the taxpayer would certainly be relieved of any obligation of following the former law. The result should be the same upon change of interpretation by judicial decision.

We have frequently pointed out that each year stands on a separate basis in the tax law and that an error made in computation of the tax for one year can not be corrected by making an erroneous computation under the law of a later year. *Union Metal Manufacturing Co.*, 1 B. T. A. 395; *MacMillan Co.*, 4 B. T. A. 251; *Cooper-Brannan Naval Stores Co.*, 9 B. T. A. 105; *Bank of Commerce*, 10 B. T. A. 73; *Houston Baseball Association*, 24 B. T. A. 69; *Virginia-Lincoln Furniture Corporation* v. *Commissioner*, 56 Fed. (2d) 1028.

We have been referred to no case where estoppel was founded on mutual mistake of law alone. In the cases which we have examined there were either representations of fact made to the Commissioner, on which he relied, *Stearns* v. *United States*, 291 U. S. 54; *Ralston Purina Co.* v. *United States*, 58 Fed. (2d) 1065; *Naumkeag Steam Cotton Co.* v. *United States*, 2 Fed. Supp. 126; *Mahoning Investment Co.* v. *United States*, 3 Fed. Supp. 322; a failure to disclose facts which amounts to a misrepresentation of facts, *Crane* v. *Commissioner*, 68 Fed. (2d) 640; or an election of methods of reporting income where the taxpayer, having chosen, is bound, *Wheelock* v. *Commissioner*, 77 Fed. (2d) 474; *Moran* v. *Commissioner*, 67 Fed. (2d) 601; *Raleigh* v. *United States*, 5 Fed. Supp. 622. None of these situations existed here.

Reviewed by the Board.

*Decision will be entered for the petitioner.*