GRAUMAN'S GREATER HOLLYWOOD THEATRE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86728. Promulgated March 9, 1938.

*Arthur F. Driscoll, Esq.*, and *T. Newman Lawler, Esq.*, for the petitioner.

*Philip M. Clark, Esq.*, and *Stanley B. Pierson, Esq.*, for the respondent.

OPINION.

STERNHAGEN: For the calendar year 1933 the Commissioner determined a deficiency of $15,204.33 in petitioner's income tax and $5,216.35 in excess profits tax. Of several adjustments petitioner assails only the determination that its net income for 1933 includes $158,898.81, which is the total of a four-year accumulated reserve of "rent received in advance." The facts are not in dispute and for the purpose of decision can be briefly summarized.

By a sublease made in June 1929, petitioner was entitled to receive from the sublessee annual rent in annually decreasing amounts, which for the entire term would average $111,049.92. The amount received in each of the earlier years was in excess of this average, and this excess it treated as advance rent and accounted for it as such on its books. On its income tax returns it reported $111,049.92 as rent in its gross income, and clearly showed the excess in its balance sheet as "Rent Received in Advance", accumulating the amount year after year. This omission from its gross income of part of the amount received as rent was unquestionably incorrect, for the taxpayer received it without qualification or restriction, and no self-imposed label gave it right to postpone its recognition as taxable income. *C. H. Mead Coal Co.*, 31 B. T. A. 190.

But despite the plain disclosure of the error on the returns, the Commissioner made no correction, and the statutory period of limitation was permitted to expire against any deficiencies which might have resulted from the omissions. There is no reason in the record to doubt that the taxpayer's error was artless. It is reasonable to believe that a taxpayer could be intelligent and yet not sophisticated enough in the income tax to realize the mistake. Indeed the acceptance by the Bureau of the return without itself recognizing that the manifest omission was erroneous bespeaks the good faith of the error.

In 1933, after four years' accumulation of $158,898.81 of this so-called advance rent, the sublessee went bankrupt, and petitioner terminated the sublease and reentered the leased property. It then credited the accumulated amount to surplus. The Commissioner included the amount in 1933 income, and argues that the taxpayer is estopped to refute the inclusion.

The question is on all fours with *Sugar Creek Coal & Mining Co.*, 31 B. T. A. 344, for there the taxpayer had guilelessly in prior years omitted royalty income from its return, and the Commissioner sought, because the statute of limitations had closed the prior and proper years, to include the omitted earlier income in a later year. It was held that this could not properly be done and that the taxpayer was not estopped to resist it. The *Sugar Creek* case was accepted by the Commissioner, XIV–1 C. B. 20, has been followed by the Board, *Union Pacific Railroad Co.*, 32 B. T. A. 383, 392; *Estate of William Steele*, 34 B. T. A. 173, 175; *Wobber Brothers*, 35 B. T. A. 890, 892; and has been cited with approval by the courts. *Salvage* v. *Commissioner*, 76 Fed. (2d) 112; affd., 297 U. S. 106; *Commissioner* v. *Union Pacific Railroad Co.*, 86 Fed. (2d) 637, 640.

The inclusion of $158,898.81 in petitioner's income for 1933 is in error and is reversed.

*Judgment will be entered under Rule 50.*