CRAWFORD et al. v. HEINER, Collector of Internal Revenue.

No. 7397.

District Court, W. D. Pennsylvania.
March 21, 1938.

Samuel Kaufman and S. Leo Ruslander, both of Pittsburgh, Pa., for plaintiff.

C. F. Uhl, U. S. Atty., and Orris Bennett, Sp. Asst. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover $32,656.25, 1928 income tax alleged to have been illegally collected. A jury trial was waived. The facts briefly stated are these: On May 1, 1916, E. R. Crawford, now deceased, received from the McKeesport Tin Plate Company 1,000 shares of the capital stock issued to him, president of the company at that time, pursuant to a resolution of its board of directors "for previous services rendered." That stock issue was not reported in his 1916 income tax return, Crawford merely reporting his regular salary that year of $25,000. By the year 1928, that stock had been increased by stock dividends to 6,666 shares. That year Crawford sold the stock and reported the sale in his 1928 income-tax return, and computed the profit on the sale as the difference between the sale price and the 1916 value thereof of $45.87 per share. On audit of Crawford's 1928 tax return, the Commissioner of Internal Revenue, as appears by his letter of November 18, 1930, refused to accord any cost value to this stock, because its receipt was not reported in Crawford's 1916 return as it should have been, and held Crawford to be taxable in 1928 on the full sale price of the stock. Claiming that the stock had been a gift from the company, Crawford protested this determination. Thereupon, on February 19, 1931, the Commissioner made a new determination of Crawford's tax liability, and in this computation accorded to this stock a cost value in 1916 of $38.33 per share, thus finding a tax deficiency of $52,465.37. This deficiency tax was paid by Crawford under protest, and a claim for refund was made.

On consideration of the refund claim, the Commissioner, in August, 1932, found the 1928 tax had been overassessed to the amount of $48,234.25. In making this computation, the Commissioner gave a 1916 cost value to the stock in question of $318.-218 per share. Instead of paying to Craw-ford the full amount of this overassessment of $48,234.25, the Commissioner deducted therefrom $32,656.25, which he figured to be the 1916 tax deficiency and interest arising from his computation of an increase of the 1916 income by $318,218, the value of the 1000 shares of stock issued by the company to Crawford in 1916.

In this situation, the plaintiff contends that the government is precluded from taking any benefit from Crawford's overpayment of his 1928 taxes by crediting it against any unpaid tax for the year 1916, because the collection of 1916 taxes was barred by statutory limitation at the time this credit was sought to be applied. In our opinion, this view is correct. Sections 607 and 609(a) of the Revenue Act of 1928, 26 U.S.C.A. §§ 1670(a) (2), 1675(a) require refund to a taxpayer of an overpayment, even though he has failed to pay taxes for other periods, whenever the payment of such other taxes is barred by statutory limitation. McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. ——.

The government contends plaintiffs are estopped from claiming the benefits of sections 607 and 609 of the Revenue Act of 1928, 26 U.S.C.A. § 1670(a) (2), 1675, by reason of Crawford's failure to report the receipt of the stock in question in his 1916 income tax return. This of itself would not estop the plaintiffs, for they contend they were not lawfully liable to a tax on this stock in 1916, because it was a gift. It would properly be classed as an innocent mistake of law rather than a false representation of fact. Helvering v. Salvage, 297 U.S. 106, 109, 56 S.Ct. 375, 376, 80 L.Ed. 511.

The government further contends the plaintiff has not overpaid his tax liability for 1928, because what the Commissioner should have done in 1932, when he issued his certificate of overassessment, was to include the sum of $318,218 (the ascertained value of the stock in question in 1916) in Crawford's taxable income for the year 1928. The complete answer to this position is that the Commissioner did not do so. Had he adopted this theory, he would have found a deficiency in the 1928 income tax instead of an overassessment. We do not have a case where the Commissioner's assessment could be approved on a different theory than that stated by the Commissioner, such as was before the Supreme Court in Helvering v. Gowran, 302 U.S. 238, 58

S.Ct. 154, 82 L.Ed. ——, decided December 6, 1937. The case does not deal with the correctness of the Commissioner's finding of an overassessment in the 1928 tax, but only with the right of the government to claim credit on the overpayment of the 1928 tax for the claimed tax for 1916, which is clearly barred by the statute of limitations.

In view of our finding that the tax for 1916 collection is barred by the statute, it becomes unnecessary for us to pass on the question as to whether the stock given Crawford in 1916 was a "gift" or a "salary bonus." We express no view on that point.

In our opinion, the plaintiff is entitled to judgment for the amount claimed. The defendant's motion for judgment in his favor will be denied.