## COVINGTON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8981.

Circuit Court of Appeals, Fifth Circuit.
April 11, 1939.

William S. Pritchard, of Birmingham, Ala., for petitioner.

Jas. W. Morris, Asst. Atty. Gen., Helen R. Carloss and Sewall Key, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

The Commissioner determined a deficiency of $3,785.01 in income taxes of petitioner for the year 1930 and in addition assessed a penalty of 50 per cent for fraud. Petitioner, a resident of Alabama, is engaged in manufacturing cotton gins. He filed a return for a partnership composed of himself, his wife, his daughter and his son and also filed a personal return as a partner. The Commissioner found that petitioner was not doing business as a partnership and assessed him as an individual. Petitioner included in the partnership return as an ordinary dividend $19,296.79 received from W. F. Covington Planter Co., a corporation that formerly conducted the

business; deducted the amount of $6,888.-42 for bad debts; and deducted for depreciation the sum of $4,858.49. The Commissioner determined that petitioner had received a liquidating dividend of $16,531.-74 from the corporation, disallowed the deduction for bad debts entirely and reduced the deduction for depreciation to $3,424.-83. The Board found that petitioner had failed to overcome the presumption in favor of the Commissioner's findings as to the taxes due but found that petitioner was not guilty of fraud and disallowed the penalty of 50 per cent.

■ The case presents purely a question of fact. Petitioner testified that in 1928 and 1929 he conducted the business as an individual but on January 1, 1930, he admitted his wife, his son and his daughter as partners but continued to conduct the business in his own name. After this the wife and children had authority to draw checks on the bank account. There was no other evidence tending to show the partnership had been created. Neither the wife nor the daughter contributed any service to the business. The son was employed in the business and was paid a salary at the rate of $1,500 per annum for a short while. Conceding that a partnership may be created by verbal agreement in Alabama, the evidence stops short of proving there was any agreement of partnership. Petitioner had filed with the Commissioner a list of bad debts showing the names of about 150 persons owing amounts ranging from about $5 to $287. He offered no evidence tending to show when these accounts became worthless or that they were charged off on his books as such. No evidence was offered tending to show the Commissioner was wrong in determining the amount of depreciation to which petitioner was entitled. Petitioner's evidence tended to support the conclusion of the Commissioner that he had received a liquidating dividend from the corporation. We agree with the conclusions of the Board.

■ Petitioner assigns as error that the Board abused its discretion in denying a new trial and it is urged we ought to remand the case in order to do justice. Petitioner was not represented by counsel in petitioning the Board or at the hearing. The petition to the Board initially was very informal and the Board was liberal in allowing amendments, over the objection of the Commissioner, in order to keep the case before them. The hearing was conducted with fairness. It is reasonable to presume petitioner was not prejudiced by the absence of counsel. Petitioner did not produce his books at the hearing. His brother, C. C. Covington, a certified public accountant, testified as to certain statements he had made from the books. He stated the books were vague; that no records were kept other than cash received and cash paid out and the cost of manufacturing; that there were no ledger accounts showing outstanding notes. We find no abuse of discretion on the part of the Board in denying a new trial and it would be an abuse of discretion on our part to remand the case for further consideration, as it is not at all probable petitioner could make any better showing on a rehearing.

■ In brief and argument petitioner contends the assessment was barred by limitation, on the ground that the return was filed March 16, 1931, and the deficiency letter was not issued until July 13, 1935. This point was not urged before the Board. In the absence of statute, the question of limitation can not be raised for the first time on appeal. Upton v. McLaughlin, 105 U.S. 640, 26 L.Ed. 1197. Nor are we at liberty to consider a question not urged before the Board. General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511.

The petition is denied and the judgment of the Board is affirmed.