*Decision will be entered under Rule 50.*

FAIRMOUNT FOUNDRY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97910. Promulgated October 29, 1940.

*Robert F. Lehman*, *Esq.*, and *Warren S. Spalding*, *Esq.*, for the petitioner.

*Paul E. Waring*, *Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner would have us hold that its transaction with Redmond in 1933 was in substance a deposit of the 200 shares of stock with the petitioner as collateral for the debt of $44,713.72, the transaction therefore remained open until the option expired in 1936, and then, for the first time, the petitioner could apply the 200 shares in satisfaction of a portion of the debt ($20,000) and ascertain that the balance of the debt, $24,713.72, became worthless. Neither in form nor in substance was there a deposit of the 200 shares of stock as collateral for the debt. Cf. *Edwin P. Shattuck*, 42 B. T. A. 557. The debt of Milo in the amount of $44,713.72 was completely and absolutely transferred by the petitioner in March 1933 and at the same time Redmond's guarantee was returned to him and canceled. Thereafter no part of the above amount was owing to the petitioner as a debt, either from Milo or from Redmond. The debt transaction was forever closed and could not affect the income tax liability of the petitioner for any subsequent year. The petitioner recognized this fact, charged off the account, and claimed a deduction on its return for 1933.

Furthermore, the fact that the petitioner received the 200 shares of stock subject to the right of Redmond to repurchase them within three years did not prevent the petitioner from sustaining a loss in 1933. Had there been a mere bailment or had the petitioner received some valuable right through the option, the situation might be different. But the petitioner, in March 1933, became the absolute owner of the shares subject to the right of Redmond to repurchase them within three years at the fixed price. Cf. *D. C. Bothwell*, 27 B. T. A. 1351; *Helen E. Leatherbee et al., Executors*, 34 B. T. A. 196; *Helvering* v. *San Joaquin Fruit & Investment Co.*, 297 U. S. 496. The petitioner had no right to require Redmond to repurchase the shares. Fluctuation in the value of the shares could not change the amount of the petitioner's loss, since the stock was accepted in 1933 in complete settlement of the Milo account and the Redmond guarantee. Redmond allowed his option to expire in 1936, but nothing of value owned by the petitioner disappeared at that time. If the petitioner had received property other than it own shares, clearly, the petitioner's basis for subsequent gain or loss upon the property would have been $20,000, the fair market value of the property in March 1933, when the petitioner acquired title to it. Subsequent gain or loss would depend upon

whether the property was later disposed of for more or less than the basis. Even if the petitioner had had reason to anticipate a favorable disposition of the shares to Redmond during the option period, nevertheless, failure to realize an anticipated profit is not a loss. Furthermore, its loss in 1933 would have been unchanged had Redmond or any other person purchased the shares during or after the expiration of the option period at any price. Thus, the possible disposition of the shares under the option could have had no effect whatsoever upon the loss. The petitioner sustained no loss in 1936 and is not entitled to any deduction under the law. Nor is a deduction justified by the inconsistency of the Commissioner. The petitioner could have insisted upon its rights as to 1933 had they been of importance. Cf. *James Couzens*, 11 B. T. A. 1040; *Tide Water Oil Co.*, 29 B. T. A. 1208; *R. E. Baker*, 37 B. T. A. 1135; *Salvage* v. *Commissioner*, 76 Fed. (2d) 112; affd., 297 U. S. 106.

*Decision will be entered for the respondent.*