JOHN B. HOLLISTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94998. Promulgated July 3, 1941.

*John H. More, Esq.*, for the petitioner.
*Paul A. Sebastian, Esq.*, for the respondent.

### OPINION.

DISNEY: This proceeding involves income tax liability for the calendar year 1932. The respondent determined a deficiency in the amount of $2,500.39. The petition alleged error in the entire amount and that there is overpayment in the amount of $1,057.23, but on brief petitioner admits a deficiency of $1,414.18. The principal question presented by the petition was whether the basic date for computing gain or loss upon corporate stock is the date of distribution to a testamentary trustee by an executor, or the date of distribution by the trustee to the petitioner, as legatee. It being agreed that that question has now been answered by the Supreme Court, only ancillary questions remain.

The parties filed a stipulation of facts and we find the facts as so stipulated. In addition, petitioner's income tax returns for the years 1930 and 1932, with addenda, were placed in evidence, but we find therein no material facts not covered by the stipulation.

The petition and answer herein set up an issue as to whether the basis of stock received by petitioner as legatee was the value at the date of receipt by him from the testamentary trustee, or the date of receipt by the trustee from the executor. Since the decision on that subject in *Helvering* v. *Gambrill*, 313 U. S. 11, the parties on brief now agree, and we hold, that the basis of the stock is the value at the date of receipt by the trustee from the executor. The parties agree upon the value at that date. This leaves for our consideration only the question of whether the petitioner utilized the base of the entire stock in an earlier year (by erroneously using the basis of value at the date when the stock was distributed to him by the trustee), and, if so, whether, the statute of limitations having run against assessment for such earlier year, the petitioner may use such basis in the taxable year.

In substance the material facts are that the petitioner received from the testamentary trustee 215 shares of corporate stock, the total basis of which, adjusted as agreed, was $10,201.04 (using agreed values on the date of distribution to the trustee).

In 1930 the petitioner sold 56 shares of the stock, together with 100 other shares of the same stock received by gift from his wife, for a total sale price of $20,689.50 and in the taxable year sold the other 159 shares for $1,237.81, and he claims a deduction for loss. Petitioner in his income tax return for 1930 computed and claimed a loss of $7,156.50 by using a cost basis of $27,846. The cost to petitioner's wife of the 100 shares received from her by gift was $15,975. The respondent therefore contends that in the 1930 return the petitioner utilized $11,871 ($27,846−$15,975) as the basis for the 56 shares received as legatee. The petitioner argues that the basis used for the 56 shares was a pro rata basis, i. e., 56/156 of $27,846, or $9,996. Since the only proper basis for the stock acquired by gift was $15,975, the cost to the donor, we hold that the respondent's view is correct and that in 1930 the petitioner recovered $11,871 of the basis of the 215 shares. It thus appears that, more than the entire basis of the 215 shares having been recovered in 1930 upon the sale of 56 shares thereof, no basis remains for recovery upon sale of the remaining 159 shares in the taxable year, unless, as the taxpayer contends and respondent denies, the fact of such recovery of basis in the earlier year can not be set up and considered in the taxable year. It is agreed that the statute of limitations has run against assessment for the year 1930. The basis used by the petitioner in that year was approved by the Commissioner, the deduction claimed for loss of $7,156.50 was allowed, and the $2,009.69 income tax paid by the petitioner was later refunded, through allowance of a large loss not claimed in the original return.

Both parties cite authority in support of their contentions. The petitioner points out that the error in using the wrong and excessive basis in computing loss on the 56 shares of stock sold in 1930 was innocent, with no culpable misrepresentation by the taxpayer, and was merely the use of a basis generally regarded correct at that time; and he contends, therefore, that there is no basis for estoppel, even if estoppel was not pleaded.

After reviewing the authorities cited by both parties, we are of the opinion that the basis, in the amount above determined, was available for use as a deduction by the petitioner for the taxable year. In the first place, there is no plea whatever as to estoppel, and the point may be passed. *Helvering* v. *Salvage*, 297 U. S. 106. Moreover, the respondent does not suggest that there was misrepresentation, fraud, or even silence, so that the ordinary bases of estoppel do not appear. This

is plainly a case of innocent use of an erroneous base, accepted by the respondent and in nowise not shown to have been considered at that time as improper by him, or in any way imposed upon him. In *Wobber Brothers*, 35 B. T. A. 890, and *Estate of William Steele*, 34 B. T. A. 173, we considered situations similar to that here involved and held that there was no estoppel. To the same general effect are *Sugar Creek Coal & Mining Co.*, 31 B. T. A. 344; *Nicollet Associates, Inc.*, 37 B. T. A. 350; *Grauman's Greater Hollywood Theatre, Inc.*, 37 B. T. A. 448; and *R. E. Baker*, 37 B. T. A. 1135. See also *Schmidlapp v. Commissioner*, 96 Fed. (2d) 680. We find the cases cited by the respondent to involve other facts and principles. Thus, this is no suit to recover taxes paid, as in *Stearns Co. v. United States*, 291 U. S. 54, apparently with plea and proof of estoppel. In *Commissioner v. Farren*, 82 Fed. (2d) 141, no return was filed, and cost of stock was not proved. The refund for the year 1930 was not based upon the allowance of the loss on the stock herein involved, as in *John J. Flynn*, 35 B. T. A. 1064, but upon another loss not here pertinent. Moreover, in that case no basis of stock was established. *Alamo National Bank of San Antonio, Executor*, 36 B. T. A. 402, involved a failure to file a return for stock received as a dividend and therefore denial of cost basis in a later year. We think such cases do not here control. We hold that the respondent erred in denying deduction of the loss claimed by petitioner, to the extent determined on the proper basis as above determined.

*Decision will be entered under Rule 50.*