WILLIAM GEORGE McKITTERICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105430. Promulgated March 11, 1942.

*Robert Blythin, Esq.,* for the petitioner.
*L. R. Bloomenthal, Esq.,* for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency of $758.98 in income tax for 1938. The petition alleges that the respondent erred in the determination of the cost basis of 944.29 units of "Executives' Investment Trusts of the Employees of the General Electric Company" by reducing the cost basis of the units, namely $94,948.94, by $10,076.10 net losses on the units claimed as deductions by petitioner in his income tax returns for 1930 to 1934, inclusive.

The material facts have all been stipulated, and we adopt such stipulation as our findings of fact.

Petitioner is an individual, residing in Cleveland, Ohio, and filed his income tax return for 1938 with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland.

During 1929 and 1930 the petitioner purchased 944.29 units of the above referred to Executives' Investment Trusts at a cost of $94,948.94.

On December 20, 1930, the Commissioner ruled that the Executives' Investment Trusts constituted "a strict trust" taxable under section 166 of the Revenue Act of 1928 for the year 1930 and subsequent years. The trust operated at net losses for the years 1930 to 1934, inclusive. The petitioner's share of such net losses amounted to $10,076.10. In his income tax returns for such years the petitioner claimed and the Commissioner allowed the deduction of such losses.

On October 26, 1935, the Commissioner ruled that the Executives' Investment Trusts were taxable as an association under article 801–2 of Regulations 86, which provides that the term "association" as used in the Revenue Act of 1934 includes an investment trust of the management type. In view of the position taken by the Commissioner, however, relative to the taxable status of this trust prior to the promulgation of Regulations 86 on February 11, 1935, it was held, with the approval of the Secretary of the Treasury, that the new ruling should apply only for the calendar years subsequent to 1934 and that the Executives' Investment Trusts would be taxed as a trust for the year 1934 and prior years.

In 1938 the petitioner sold his units in the Executives' Investment Trusts for a cash consideration of $57,882.56, resulting in a loss, as contended by him, of $37,066.38, of which 50 percent, or $18,533.19, was reflected in his income tax return.

On audit of the petitioner's tax return for 1938 the respondent reduced the base for the computation of the net loss from $94,948.94 to $84,872.84, thereby reducing the claimed long term loss of petitioner by one-half of $10,076.10, or $5,038.05.

The question in issue is whether the long term loss should be computed upon the basis of cost ($94,948.94) or upon such basis reduced by the net losses of the trust, amounting to $10,076.10, which had been availed of by the petitioner in his tax returns for 1930 to 1934.

In his brief petitioner states his position as follows:

It is contended that a correct computation of cost was made by Petitioner because there is no provision in the Internal Revenue Code requiring or permitting adjustments on account of profits or losses realized by an investment trust, which at the time of sale was regarded as an association. * * *

The applicable statute is section 113 of the Revenue Act of 1938. That section, so far as material, provides:

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; * * *

\* \* \* \* \* \* \*

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

(A) For expenditures, receipts, losses, or other items, properly chargeable to capital account. * * *

\* \* \* \* \* \* \*

Article 113 (b)–1 of Regulations 101, promulgated under the provisions of the Revenue Act of 1938, provides in part as follows:

ART. 113 (b)–1.—*Adjusted basis; General rule.*—The adjusted basis for determining the gain or loss from the sale or other disposition of property, is the cost of such property or, in the case of such property as is described in paragraphs (1) to (18), inclusive, of section 113 (a), the basis therein provided, adjusted to the extent provided in section 113 (b).

The cost or other basis shall be properly adjusted for any expenditure, receipt, loss, or other item, properly chargeable to capital account, including the cost of improvements and betterments made to the property. * * *

\* \* \* \* \* \* \*

Adjustments must always be made to eliminate double deductions or their equivalent. Thus, in the case of the stock of a subsidiary company, the basis thereof must be properly adjusted for the amount of the subsidiary company's losses for the years in which consolidated returns were made.

The crux of the question presented is whether the net losses on the 944.29 units availed of by the petitioner in computing deductions from gross income in his income tax returns for the years 1930 to 1934, inclusive, were "properly chargeable to capital account."

The Executives' Investment Trusts, treated as a "strict trust" by the respondent for the years 1930 to 1934, was a separate entity from the petitioner. The assets of the trust were not assets of the petitioner. Losses sustained by the trust were not losses of the petitioner, regardless of whether they were capital losses or operating losses. See *Anderson* v. *Wilson*, 289 U. S. 20; *T. Rosslyn Beatty*, 28 B. T. A. 1286. The petitioner clearly had no right, in making his income tax returns for 1930 to 1934, to deduct the net losses of the trust. The petitioner made an innocent mistake of law in taking the deductions. The respondent did not correct the errors in the audit of the tax returns.

The respondent has not pleaded an estoppel against the petitioner and the evidence affords no basis for an estoppel. See *Helvering* v. *Salvage*, 297 U. S. 106. A mistake of law does not preclude the taxpayer from using the basis of cost of the units. *Nicollet Associates, Inc.*, 37 B. T. A. 350; *John B. Hollister*, 44 B. T. A. 851.

Since the net losses deducted by the petitioner in his income tax returns for the years 1930 to 1934 were improperly claimed, we do not think that they were "properly chargeable to capital accounts" within the meaning of section 113 (b) (1) (A) of the Revenue Act of 1938. The respondent is reversed upon his action in reducing the cost basis of the 944.29 units by $10,076.10.

*Decision will be entered under Rule 50.*