### KRAUSS v. UNITED STATES (two cases).
### Nos. 10852, 10853.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1944.

---

Irving R. Saal, of New Orleans, La., for appellant.

Warren F. Wattles and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Henry C. Vosbein, Asst. U. S. Atty., of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Claiming overpayment of gift taxes in respect of gifts in 1936 and 1937 of shares of Class A stock in the Krauss Company, Ltd., appellants sued for their refund. The refunds denied, appellants are here putting forward the same contention they made below, that the value for gift tax purposes of the shares donated was their value in the hands of the donors; that that value was fixed by the charter at sixty percent of the book value; and that the commissioner, in ascribing more than that value to the shares, and the court, in denying the refunds, erred.

In an opinion,[1] canvassing and rejecting appellants' claims the District Judge has fully set down the undisputed facts as they were stipulated by the parties, and we content ourselves with referring to that opinion for their detail.[2]

Here, as they did below, appellants insist that Lomb v. Sugden, 2 Cir., 82 F.2d 166, and the cases it cites, are controlling. The United States denies this. It concedes that there are general expressions in that case[3] which would support appellants' view that the provision relied on here, that if a stockholder decides to sell, he must first give a sixty day privilege to the other stockholders to buy at the price fixed, had the effect claimed for it to limit the value to that price. It points out though that this was not the real holding of that case, that its holding was that the value of stock to the estate of a deceased stockholder under a contract provision conferring an absolute option or right on the other stockholders for a time fixed to buy at a price named, fixed the value to the estate at that price. Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511, cited in support, is to the same effect. Pointing out that the provision relied on here imposes no compulsion to sell, grants no absolute option to buy, but only a conditional one, the condition being that if a stockholder wants to sell, he must first give to the other stockholders a right for sixty days to buy at a fixed price,[4] the United States insists that a restrictive provision of this kind, while a factor in arriving at the value, is not its sole determinant. We agree, and agreeing, we affirm the judgment without inquiring whether the value fixed by the commissioner was or was not correct. For in a suit for refund, a taxpayer has the burden not merely of showing that the commissioner's assessment was

---

[1] 51 F.Supp. 388.

[2] As material here, they may be thus briefed: Frederick Krauss, in 1936, gave his niece 470, and his nephew 410, shares of Class A stock, and in 1937, gave each of them 245 more of such shares. Alfred Krauss in 1936 gave his nephew and niece each 410 shares of Class A stock and in 1937 gave each 50 more of such shares. Each calculated and returned the gift taxes involved on the basis of 60 percent of the actual book value of the shares as shown by the last preceding monthly trial balance of the corporation. They based this valuation upon the claim, that a provision in Art. 12 of the Charter, in effect that before a sale could be made to an outsider the other stockholders should have a sixty day preference right to purchase the shares at 60 per cent of the book value, fixed that value as the value for gift tax purposes. The commissioner rejected this theory of valuation and, upon considerations not necessary to detail here, fixed full book value as the value for gift tax purposes.

[3] "We there determined that an option contract, giving stockholders a right to purchase at a specified price, upon the owner's sale or death, limited the value of the stock to the low price at which he or his executors were obliged to sell it." Lomb v. Sugden, 2 Cir., 82 F.2d at page 167.

[4] In Fostoria Glass Co. v. Yoke, D.C., 45 F.Supp. 962, at page 965 this distinction is carefully pointed out.

erroneous, but that the value the taxpayer took as the basis of his claim for refund was right, and he was, therefore, entitled to the amount for which he sues. Helvering v. Taylor, 293 U.S. 507, at page 514, 55 S.Ct. 287, 79 L.Ed. 623. The judgment is affirmed.