opinion. Keen, Judge: The sole question with which we are here concerned is whether the Commissioner erroneously valued the stock which petitioner transferred by gift to his son. Petitioner contends the value of the stock, for the purpose of computing the gift tax on the transfer, must be limited to the amount at which petitioner and the other stockholders of the issuing corporation, by voluntary agreement, agreed to offer it to each other in the event they should wish at any time to sell their stock. The respondent’s position is that the depressive effect of the restrictive agreement was one of the factors considered by him in fixing the value, but that he is not limited by such a contract to the price fixed therein. It is agreed that the book value of the stock was $385.05 per share as of the end of 1939, and $383.47 per share as of the end of 1940. It was closely Reid by members of the James family, and no sales were shown to have occurred, at least in recent years. There is no question about the validity of the contract between the stockholders. The question is simply whether the contract, voluntarily entered into, must have the effect of reducing for gift tax purposes the value of the stock covered by the contract to the amount of the price fixed by the restrictive agreement. Petitioner suggests the irreconcilability of the judicial decisions in this field. He relies principally on Wilson v. Bowers, 57 Fed. (2d) 682, and Lomb v. Sugden, 82 Fed. (2d) 166. Upon careful analysis, however, we think these decisions are distinguishable from the instant case. It has been the consistent view of this Court in cases where the stockholder is under no obligation to sell by reason of his contract, but has simply agreed to offer his stock to others on certain stated terms if he should desire to sell, that such an agreement does not have the effect of limiting the value upon which the Government may compute its tax to the amount at which the stock is to be offered if the owner decides to sell. See Estate of George Walker, 23 B. T. A. 663; Michigan Trust Co. et al., Executors, 27 B. T. A. 556; Frederick A. Koch, Jr., Executor, 28 B. T. A. 363; Estate of James Smith, 46 B. T. A. 337. See also Kline v. Commissioner, 44 B. T. A. 1052; affd., 130 Fed. (2d) 742. Each of these cases is distinguishable from Wilson v. Bowers, supra; Lomb v. Sugden, supra; Helvering v. Salvage, 297 U. S. 106; and Commissioner v. Bensel, 100 Fed. (2d) 639, cited by petitioner. In those cases, on the date as of which the value was to be determined there had already been granted a valid, binding, irrevocable option to purchase, specifically enforceable. The holder had no choice to refrain from selling at the stipulated price. The stock was already impressed with the onus of the option. In Estate of James Smith, supra, this Court expressly distinguished that line of decisions from the facts in a case such as this, where the agreement was simply that the stockholder would offer an option when and if he ever, desired to sell. On appeal, the Circuit Court for the First Circuit disagreed with our view that, in the latter type of case, the agreement should not be taken into consideration in arriving at the taxable value, but it was of the opinion that the price set out in the agreement was not to be considered as of itself fixing the value for tax purposes. See Worcester County Trust Co. v. Commissioner, 134 Fed. (2d) 578. In the instant case the respondent does not contend that the restrictive agreement under which the shares are held is not a factor to be considered in the determination of the value of the transferred shares for gift tax purposes. He has determined their value to be $310 a share at a time when their book value was considerably in excess of this amount; and in his determination of deficiency he stated that he considered the restrictive agreement together with the net worth, earning power, and dividend-paying capacity in determining the value of the gift in question. Therefore, we do not have before us the question of whether the restrictive agreement should be ignored entirely in a determination of the value of the securities which are the subject of the gift. It may well be that where the restrictive agreement is merely an agreement to grant an option at a certain price if the owner, at some future time, decides to sell, and the restriction is the result of voluntary action on the part of the stockholder after he has acquired the stock, we would adhere to our views as stated in the cases above cited and hold that the restrictive agreement should be ignored in gift tax valuation cases, in spite of the opinion of the Circuit Court of Appeals for the First Circuit in Worcester County Trust Co. v. Commissioner, supra. However, since the respondent has not ignored the restrictive agreement in his determination of deficiency and has made no contention on brief that it should be ignored, we do not decide this point. We do decide that the price set out in the restrictive agreement does not, of itself, determine the value of the stock. This disposes of petitioner’s primary contention, which is, in effect, that the value of the stock for gift tax purposes can not be in excess of the price set out in the restrictive agreement. He also contends, in the alternative, that the respondent did not make sufficient allowance for the depressing effect of the restrictive agreement upon the actual value of the stock. However, he submitted no evidence as to the value of the shares which controverts the determination of respondent as to value, or which indicates in any way how much the restrictive agreement has depressed the actual value of the stock. In the absence of such evidence, the respondent’s determination is approved. See Raymond J. Moore, 3 T. C. 1205. Decision will be entered for the resfondent.