## COMMISSIONER OF INTERNAL REVENUE v. McCANN.

### No. 48.

Circuit Court of Appeals, Second Circuit.

Dec. 21, 1944.

Harry Baum, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., for petitioner.

James H. Hayes, of Washington, D. C. (William W. Nottingham, of Washington, D. C., of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This appeal (petition to review) is from an order of the Tax Court, expunging a deficiency assessed by the Commissioner against a donor as a gift tax for the year 1939. The only question involved is the value of the gift. The taxpayer owned more than two-thirds of what were known as "A" shares of stock in a Delaware corporation, known as McCann-Erickson, Inc. These shares had all the voting rights and were cumulatively preferred in dividends up to seven per cent; they were followed by about 15,000 "B" shares, of which the taxpayer gave 2500 to his wife on November 27, 1939. The book value of the "B" shares as of December 31, 1939, was $36.5485 a share; and the taxpayer filed his return, adopting substantially this figure, which made the value of the 2500 shares about $90,000; and this the Commissioner raised to some $219,000. Under the company's by-laws no one but an employee might hold "B" shares, and when his employment ended, the employee or his estate must sell, and the corporation must buy, all the shares at their book value. Dividends varying from two to ten per cent had been declared upon the shares in the years 1934–41; based upon their book value as of December 31, 1939, they had received for the past nine years an average dividend of over twelve per cent. The taxpayer was the president of the company, his wife was one of its employees; through his ownership of two-thirds of the "A" shares he could change the by-laws at his pleasure. No transfer of any kind was permitted except by resolution of the directors. The Tax Court refused to consider any other factor than the book value at the time of the gift because that was all that the donor could have sold them for, and because he could have compelled the company to pay that price for them.

When there is an open market in which property can be bought and sold, it may be very difficult, if not impossible, to avoid the conclusion that the market price is the "value" for all purposes. That price is the sum which will secure the property, if anyone wishes to buy it, or will replace it, if anyone has parted with it; that price is the sum which represents the current estimate of the present value of its future earnings and of its final liquidation. An option immediately exercisable—a "call"—will, however, ordinarily be regarded as a limit upon market value, or any other value however ascertained or ascertainable, because the person having the option, if well advised, will exercise it as soon as the value rises above the option price. If there are reasons

why he will not then do so, he must prove them who wishes to discard the option price as the measure. For this reason we held in Wilson v. Bowers, 57 F.2d 682, and Lomb v. Sugden, 82 F.2d 166, that an option price was the proper measure when the shareholder died, for in each case the option could be exercised at death. In Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511, the question was of the value "realized" to the taxpayer by the acquisition of shares subject to a future option; and the option price was held to be the proper measure. The only choice apparently was between the option price and the actual value of the shares; had the court been asked to consider as a factor the probability that the option would not have been exercised, it might have done so. All the actual decision stands for is that, as between present full value and future option price, the second must prevail. In Kline v. Commissioner of Internal Revenue, 3 Cir., 130 F.2d 742, and Krauss v. United States, 5 Cir., 140 F.2d 510, the company had an option based upon book value if the shareholder retired or died; and the controversy, like that at bar, was over a gift tax upon the shares. In each case the court held that the option price did not control. We agree. Nobody could know when the donor would retire or die; meanwhile he would be entitled to such dividends as were declared; and when he did retire or die, the book value of the shares would not be likely to bear much relation to what it was at the time of the gift. It is difficult enough to appraise the value of shares subject to such a restriction, but it is no step towards a solution to make the book value at the time of the gift the measure.

As we understand it, the Tax Court distinguished the last two decisions on the ground that in the case at bar the corporation did not have an option on the shares but was obliged to buy them at the book value. That is quite true, but we cannot see that it makes any difference. The fact that the price at the shareholder's retirement or death was fixed for both parties, did not prevent the shareholder from collecting any dividends declared before that time, nor did it change the fact that the book value at the time of the gift would presumably have no relation to that which would eventually fix the price. An obligation of the corporation to take the shares might perhaps add to their value, for the book value at the time of retirement may be greater than the prospective value; but we cannot see in what other respect it could be relevant. We say nothing as to how the shares shall be appraised; that is the Tax Court's duty, from any interference in which we must rigidly abstain. It may come to the same conclusion after weighing all the relevant factors: the prospective earnings, the likelihood that the donor would not retire; his expectancy of life; his power to change the by-laws; his opportunity to sell to another employee—with the directors' consent—; and any other factor which it finds would contribute to, or detract from, the value. All we decide is that it was, as matter of law, erroneous to refuse to consider any other factor than the book value at the time of the gift; so far we understand we are obliged to go. Powers v. Commissioner of Internal Revenue, 312 U.S. 259, 61 S.Ct. 509, 85 L.Ed. 817.

Order reversed; cause remanded.