Samson EISNER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15991.

United States Court of Appeals
Sixth Circuit.

Oct. 6, 1965.

Before WEICK, Chief Judge, PHIL-LIPS, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Samson Eisner, the petitioner-appellant herein, was convicted in the United States District Court for the Western District of Kentucky, on November 18, 1960, on a one-count indictment which charged that he knowingly received and concealed certain stolen furs which had been transported in interstate commerce. He was sentenced to five years' imprisonment and fined $1500. His conviction was appealed to this Court and was affirmed in United States of America, plaintiff-appellee, v. Eisner, defendant-appellant, 6 Cir., 297 F.2d 595, cert. den. 369 U.S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17.

■ On April 20, 1964, the appellant filed a motion under Section 2255, Title 28, U.S.C., for the vacation of his sentence on the ground that the indictment did not charge an offense against the United States and that the sentence imposed was in violation of the constitution and laws of the United States. On the same day he filed a motion for a hearing under Rule 52(b) on newly discovered evidence. Both of these motions were overruled in the District Court and this appeal followed.

It is alleged that the indictment is fatally defective because it does not include the language "Contrary to law in violation of Section 2315, Title 18, U.S.C.," and because it does not state where the offense was committed. This Court has held that the sufficiency of the indictment is not subject to attack under Section 2255, Title 28, U.S.C. Stegall v. United States, 6 Cir., 259 F.2d 83, 84, cert. den. 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114. See also Kreuter v. United States, 10 Cir., 201 F.2d 33, 35. The general rule is that the sufficiency of an indictment cannot be questioned on a motion under Section 2255 unless it is so defective on its face as not to charge an offense under any reasonable construction. Klein v. United States, 7 Cir., 204

Eugene J. Stagnaro, Jr. (Court Appointed), Cincinnati, Ohio, for appellant.

Wayne J. Carroll, Asst. U. S. Atty., Louisville, Ky., William E. Scent, U. S. Atty., Louisville, Ky., on brief, for appellee.

F.2d 513, 514; Walker v. United States, 7 Cir., 218 F.2d 80, 81.

Considering the indictment we are satisfied that it adequately charges an offense against the laws of the United States and that it is not defective on its face. In Anderson v. United States, 6 Cir., 215 F.2d 84, 86, cert. den. Lewis v. United States, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698, we said: "This court has held repeatedly that the required clarity of the charge laid in an indictment is only such as will fairly apprise the defendant of the crime intended to be alleged, so as to enable him to prepare his defense and to make the judgment, whether of acquittal or conviction, a complete defense to a second prosecution for the same offense." Bettman v. United States, 224 F. 819, 826, C.A. 6, cert. den. 239 U.S. 642, 36 S.Ct. 163, 60 L.Ed. 482; Pierce v. United States, 6 Cir., 86 F.2d 949, 951; Bogy v. United States, 96 F.2d 734, 736, C.A. 6, cert. den. 305 U.S. 608, 59 S.Ct. 68, 33 L.Ed. 387; Hughes v. United States, 114 F.2d 285, 288, C.A. 6; Richardson v. United States, 150 F.2d 58, 60, C.A. 6; Ross v. United States, 180 F.2d 160, 164, C.A. 6. The indictment in the case before us meets all the requirements of a valid indictment. The question of the sufficiency of the indictment was one of law and did not require a hearing by the district judge.

We are at a loss to understand what point the appellant intended to raise by his motion for a hearing under Rule 52(b) on newly discovered evidence. This rule[1] which refers to plain errors occurring at a trial is not applicable to a Section 2255 proceeding. Section 2255 provides for a collateral attack on a judgment of conviction and is not a substitute for appeal for alleged errors committed at the trial. Newly discovered evidence may be the subject of a motion for a new trial under Rule 33 Federal Rules of Criminal Procedure. That rule limits the filing of such a motion to two years after final judgment. The motion before us was not timely filed as a motion for new trial on newly discovered evidence.

The appellant alleges, in support of this motion, that at the time of his trial in the District Court, there was pending against him, in the Circuit Court of Warren County, Kentucky, a traffic charge of "running a stop sign" in Bowling Green, Kentucky. This is the charge upon which the appellant was first arrested and which led to the search of his car under a federal search warrant. The appellant further alleges that subsequent to his conviction in the District Court, the Circuit Court of Warren County dismissed the traffic charge on the ground that the arrest was illegal. He then argues that the evidence obtained and seized out of an illegal arrest is inadmissible. The record from the Circuit Court of Warren County does not support the claim that the traffic charge was dismissed on the ground of an illegal arrest. A certified copy of the order from the Circuit Court shows only that a jury returned a verdict of "not guilty of the charge of running a stop sign."

Counsel appointed by the Court to represent the appellant on this appeal argues that the search was illegal. The basis of this argument is that the arrest on an alleged minor traffic violation was a subterfuge for a search of the appellant's car and was therefore illegal. This question was not presented to the trial judge in this proceeding nor was it specifically raised on the appellant's direct appeal to this Court.

Prior to the appellant's trial in the District Court, the trial judge heard and determined adversely to the appellant a motion to suppress evidence. The denial of that motion was the principal question submitted to this Court on the appellant's appeal. The Court said in its opinion, 297 F.2d 595, 596: "Appellant attacks the validity of the

1. "(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

58

warrant and the manner of its execution." The question of illegality now urged upon us could have been raised on the motion to suppress evidence in the trial court and on the subsequent appeal to this Court. We do not look with favor upon an attempt to raise questions in a collateral attack on a judgment of conviction which could have and should have been raised at the time of trial. Neither will we pass on questions on appeal that were not first heard and determined by the trial judge. Duignan v. United States, et al., 274 U.S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996; Blair, Commissioner v. Oesterlein Machine Company, 275 U.S. 220, 225, 48 S.Ct. 87, 72 L.Ed. 249; Burnet, Commissioner v. Commonwealth Improvement Co., 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399; General Utilities & Operating Co. v. Helvering, Commissioner, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154; Helvering, Commissioner v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511; Helvering, Commissioner v. Tex-Penn Oil Co., 300 U.S. 481, 57 S.Ct. 569, 81 L.Ed. 755; Helvering, Commissioner v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. 796.

The judgment of the District Court is affirmed.