Argued November 4, affirmed December 30, 1966
# JOHNSON v. STATE TAX COMMISSION
### 421 P. 2d 993

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for appellant. On the briefs with him were Robert Y. Thornton, Attorney General, and Alfred B. Thomas, Assistant Attorney General, Salem.

*William E. Dougherty,* Portland, argued the cause and submitted the brief for respondent.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Redding, Justices.

PER CURIAM.

This is an appeal by the State Tax Commission from a decision and decree of the Oregon Tax Court (*Johnson v. Tax Commission,* 2 OTC Adv Sh 329) allowing a refund claim for income taxes paid on a fiduciary return for the year 1959 by the taxpayer. The matter was tried before the lower court based on a statement of stipulated facts. The sole issue involved in this case is whether the taxpayer's estate is entitled to a refund based on its utilization of a fair market value in specific partnership assets as of the date of decedent's death. Appellant commission contends that the value for tax purposes of the specific partnership assets is restricted to the book value by reason of an outstanding option to purchase at said price and by the further reason that the basis for tax purposes in partnership assets was not affected by the death of the decedent partner.

We affirm the decree of the Oregon Tax Court and adopt its opinion, which reads as follows:

"This is a suit for refund of income taxes paid by plaintiff as executor of the estate of Philip E. Johnson, deceased. The important facts are stipulated.

"Philip E. Johnson, hereinafter referred to as decedent, was the owner of a 50 percent interest in a partnership doing a substantial logging and sawmill business. Following decedent's death, the estate was inventoried and a value in excess of $1,500,000 was attributed to the partnership interest, the principal portion of which consisted of timber holdings.

"The partnership agreement provided that upon the death of any partner the surviving partners would have the right to purchase the interest of the decedent at book value or to liquidate the partnership business and terminate it. There were also

specific provisions to the effect that death would not terminate the partnership which during the administration of the estate was to continue as a going business. After decedent's death the business did in fact continue with no physical distribution of partnership assets being made to the estate. The surviving partners did not exercise the option to purchase the decedent's interest at book value. The business was continued with the estate reporting its share of the partnership income on fiduciary returns but the estate claimed a fair market value stepped-up basis on the timber by reason of decedent's death.

"The plaintiff contends the decedent's estate is entitled to use the fair market value of decedent's interest in the partnership assets as its basis for income tax purposes. The defendant argues that the decedent's interest is restricted to the book value of the partnership assets which is substantially lower than the fair market value of the estate as appraised for inheritance tax purposes. This is important to the plaintiff in considering depletion, depreciation and possible gain on disposition.

"The deceased died in 1956. The deficiency assessment involves the estate's fiduciary return for 1959.

"In 1959 the material portions of ORS 316.266 (6) (then ORS 316.265(6)) of the Personal Income Tax Act of 1953 provided:

" 'If the property was acquired by bequest, devise, descent or inheritance, or by the decedent's estate from the decedent the basis shall be the same as if the property had been purchased for its fair market value at the date of the death of the decedent.  *   *   *'

"In 1961 the legislature added the following sentence to the above statute:

" '*   *   *  For tax years beginning after December 31, 1960, and ending after August 9, 1961, the fair market value for purposes of this

subsection and ORS 316.258 shall be the value as finally established for inheritance tax purposes pursuant to ORS chapter 118.'

"The 1961 amendment accepted the value set for inheritance tax purposes as the fair market value mentioned in the first part of ORS 316.266(6) above. However, the 1961 amendment is not involved here because the deceased died in 1956.

"The issue therefore is whether ORS 316.266 (6) allowing fair market value as the basis applies to a partnership interest. In other words, is the decedent's estate precluded from using fair market value as its basis in the property because the deceased had been operating as a partner.

"Partnerships as such are not taxable entities. Persons carrying on business as partners are liable for income tax only in their separate or individual capacities. ORS 316.200. The partnership files no taxable return but rather an information return reporting the income and deductions and the names and distributive shares of its members. 6 Mertens, Law of Federal Income Taxation, § 35.01. Mertens also states that under the 1939 Internal Revenue Code a partnership was sometimes treated as an aggregate of persons engaged in the joint pursuit of profits and in other instances a partnership was regarded as an entity separate and apart from its members rather than the aggregate of its members. 6 Mertens, Law of Federal Income Taxation, § 35.01.

"The defendant cites *First Nat. Bank of Mobile v. Commissioner of Internal Revenue*, 183 F2d 172, 39 AFTR 643 (1950), *Wasson v. U. S.*, 56-2 USTC 9886 (1956), and *Healy v. Commissioner*, 18 BTA 27 (1929), as authority for the proposition that the basis in partnership assets is not affected by the death of a partner. However, under the Internal Revenue Code of 1954, § 754, a partnership is permitted to elect to adjust the basis of partnership property.

"It is true that Mertens considers the general rule under the 1954 Internal Revenue Code to be that the basis of partnership assets is not affected by a sale of a partnership interest or the death of a partner. This is based on the entity theory of a partnership. However, he also states that there are a number of situations where the partners may consider it essential to adjust the basis of partnership property. He states:

" '* * * This would occur, for example, if there is a material discrepancy between the basis of partnership property and the amount paid by a purchaser of a partnership interest for the seller's pro rata share of such property, or if the basis of an estate for its partnership interest greatly exceeds the estate's share of the partnership basis for its property. * * * In order to provide equity within the partnership framework, the 1954 Code grants an election to adjust the basis of partnership properties in the case of transfers of partnership interests and where certain partnership distributions have occurred. * * *

" 'The election to adjust the basis of partnership property reflects the aggregate concept of the partnership. The partnership is regarded as an aggregation of individuals, each having an undivided interest in the partnership property and entitled to apply his own cost or other basis for purposes of computing gain, loss, depreciation, and depletion. This is accomplished by allowing an adjustment, either by way of an increase or decrease, to the basis of the partnership property. * * *' 6 Mertens, Law of Federal Income Taxation, § 35.38.

"There appears to be no valid reason why the decedent's estate should be excluded from ORS 316.266(6) and not allowed a basis of the fair market value as of the date of the death of the decedent as the statute provides. If the deceased

had been operating the logging and sawmill business as an individual his estate would have the stepped-up basis of the fair market value under ORS 316.266(6). Because the deceased was operating as a partner in the sawmill and logging business the defendant would deny his estate the stepped-up basis allowed by the statute.

"The defendant submits another reason why the decedent's estate should not be allowed a basis of the fair market value. The partnership agreement gave the surviving partners the option to purchase the deceased's interest at book value. The agreement also allowed any partner to withdraw from the partnership at the close of any fiscal year. The remaining partners had the option of terminating the partnership or purchasing the interest of the withdrawing partner at book value and continuing the business.

"The defendant commission contends that the partnership agreement establishes the value of the deceased's interest in the partnership at book value and not at the market value allowed under ORS 316.266(6), *supra*. In support of this point defendant cites *Helvering v. Salvage*, 56 S Ct 375, 297 US 106, 80 L Ed 511 (1936); *Lomb v. Sugden*, 82 F2d 166, 17 AFTR 582 (1936); and *Wilson v. Bowers*, 51 F2d 261, 10 AFTR 238 (1931). These cases recognized an option agreement as establishing the value of the property at the price provided in the option.

"For income tax purposes ORS 316.266(6) establishes the basis at fair market value when the property is acquired by descent or inheritance or by the decedent's estate from the decedent.

"For inheritance tax purposes the statute, ORS 118.640, provides for the property to be valued at its 'full and true' value as of the date of the decedent's death.

"Neither statute makes any provision for a deviation from 'fair market value' or 'full and true

value' in cases where there is an outstanding option to purchase the deceased's interest. According to the stipulation of the parties the decedent's interest was appraised for inheritance tax purposes at its full and true value. Apparently, then, no consideration was given in such appraisal to reducing the full and true value of the property to book value because of the option. This court does not feel it has the right to engraft an exception into ORS 316.266(6) to provide for a different basis than market value when an option to purchase exists.

"The plaintiff is entitled to utilize the fair market value of the decedent's interest in the partnership assets as the basis in this case."

Affirmed.