Argued November 2, 1970, modified February 18, 1971

KRAUSS ET AL, *Appellants, v.* DEPARTMENT
OF REVENUE, *Respondent.*

480 P2d 703

*Thomas S. Moore* and *Frank E. Magee,* Portland,
argued the cause and filed a brief for appellants.

*Richard A. Uffelman*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General of Oregon, and Ira W. Jones, Assistant Attorney General, Salem.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, BRYSON, and SCHWAB, Justices.

HOLMAN, J.

This is an appeal from a decision of the tax court affirming an order of the Department of Revenue. *Krauss et al v. Department of Revenue*, 4 OTR Adv Sh 43 (1970). The plaintiffs are partners in Rough and Ready Lumber Company. They acquired ownership over the period from 1945 to 1952 by buying a portion at a time the interests of the partners who previously had owned the business.

From its inception, three years before plaintiffs began purchasing interests in the business, the partnership did not record the log or lumber inventory for income tax purposes but charged all such items as expenses when purchased. The accounting method used by the partnership was hybrid in that it was on an accrual basis with the exception of inventory, which was handled on a cash basis.

Plaintiffs bought their interests by reference to inventory but none of the inventory was recorded on the partnership books. It is conceded that plaintiffs paid a total of $137,000 for their interests in the inventory which existed at the various times they purchased undivided portions of the business.

In 1954, Congress revised the Internal Revenue Code and, in Section 481 (a)(2), provided that if a

change is made in the taxpayer's accounting method used in reporting income, an adjustment should be made in order to prevent amounts from being duplicated or omitted. Under this section, if a change in the method of reporting inventories is required by the Internal Revenue Service, the taxpayer would be allowed an opening inventory to the extent of inventory on hand on January 1, 1954. The Internal Revenue Service audited plaintiffs for the year 1964 and, pursuant to Section 481, required plaintiffs to recompute their income for that year by using inventories, and allowed an opening inventory which represented inventory on hand on January 1, 1954.

Meanwhile, in 1957, the Oregon Legislature enacted ORS 314.275 (1), which provides:

> "In computing a taxpayer's taxable income for any tax year (referred to in this section as the 'year of the change'), * * * if such computation is under a method of accounting different from the method under which the *taxpayer's taxable income* for the preceding tax year was computed, *then there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted.* The adjustments allowed by this section are to be made regardless of whether a change is requested by the taxpayer or required by the commission and, if required, whether it is regarded as a change in the taxpayer's method of keeping books or a change in the method of reporting." (Emphasis ours.)

Following the federal audit in 1964, the State Tax Commission (now the Department of Revenue) decided that, in order to reflect income properly, it would be necessary for the Rough and Ready partnership to take inventories into account in computing its

net income for each year. Pursuant to the provisions of ORS 316.160,[1] the commission compelled plaintiffs to change from their hybrid method of accounting to a pure accrual method of accounting. Under the hybrid method, all inventory had been deducted as expenses when purchased. In order to prevent the cost of inventory items from being deducted again, the commission held, pursuant to ORS 314.275 (1), that the partnership should not be allowed an opening inventory for 1964, the year of the change in accounting method. Acting pursuant to ORS 314.275 (2)(a),[2] which provides that the additional income may be treated as if earned over the current year (1964) and the immediately preceding two years, the department recomputed the income over 1964 and the preceding two years as this resulted in a lesser tax.

Plaintiffs submit that the denial of an opening inventory is improper and argue in the alternative that they should be entitled to one of the three following amounts as an opening inventory: (1) $381,000,

[1] ORS 316.160: Accounting periods and methods. (1) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the commission does clearly reflect the income * * *.

[2] ORS 314.275(2)(a): If the method of accounting from which the change is made was used by the taxpayer in computing taxable income for the two tax years preceding the year of the change, and the increase in taxable income for the year of change which results solely by reason of the adjustments required by subsection (1) of this section exceeds $1,000, then the tax attributable to such increase in taxable income shall not be greater than the aggregate of the taxes which would result if one-third of such increase were included in taxable income for the year of the change and one-third of such increase were included for each of the two preceding tax years.

the value of the inventory actually on hand January 1, 1964; (2) $402,000, the value of the inventory actually on hand on December 31, 1956; or (3) $208,000, the value as of January 1, 1964, of a volume of logs and lumber equal to that which was on hand when the various partnership interests were purchased.

Plaintiffs' first two alternatives are clearly without merit for the reasons stated by the tax judge in his opinion. Those reasons will not be repeated here.

The third alternative presents a more difficult problem. Plaintiffs' argument is twofold. First, it is contended that if the partnership is not allowed an opening inventory of $208,000, they will be required to pay a tax on inventory, the benefit of which as an earlier expense deduction was received by prior partners. Second, it is argued that because of the unique nature of partnership accounting, the denial of an opening inventory of $208,000 would result in their being taxed on inventory which they paid for, at full value, with after-tax dollars. In other words, plaintiffs are arguing that since they paid cash for a certain amount of the inventory, the value of that inventory cannot possibly be income. The tax court held:

> "The answer to plaintiffs' argument is that the plaintiffs purchased the *interests* of the former partners in the partnership and the partnership continued until plaintiffs owned it entirely. The partnership was not dissolved and a new one started. The same hybrid method of accounting continued until 1964 when the defendant required the change to the accrual method of reporting inventories. It was the same partnership that, prior to 1964, improperly followed a method of accounting that deducted the inventory as it was purchased. As of January 1, 1964, the inventory had already

been expensed and to allow the inventory to be. included as an opening inventory for 1964 would result in a double deduction."

▇ The problem with this approach is that partnerships, unlike individuals and corporations, are not taxpayers or taxable entities. *Johnson v. Tax Commission*, 245 Or 390, 421 P2d 993 (1966). Therefore, since ORS 314.275 (1) refers to computing a "taxpayer's" taxable income, the adjustments sought by the Department of Revenue must be viewed solely in respect to the specific plaintiffs in this case, who are the taxpayers to be charged. Furthermore, under ORS 314.275 (1), the department's authority to make adjustments in the computation of income is limited to those adjustments necessary "in order to prevent amounts from being duplicated or omitted." This necessarily means duplicated or omitted with reference to the income of the taxpayer in question.

▇ The department's justification for not allowing plaintiffs an opening inventory was that, since the value of the inventory had already been deducted as an expense, the allowance of an opening inventory would result in a double deduction. However, to the extent of the inventory on hand when they purchased their interests, plaintiffs never received an expense deduction, and it would not be a double deduction as to them. The fact that it previously had been allowed as a deduction to another taxpayer is irrelevant to the computation of plaintiffs' income. The allowance of an opening inventory equal to the value of the inventory purchased by plaintiffs will not result in a duplication of deductions insofar as the plaintiffs-taxpayers are concerned. Therefore, the department has no authority to deny an opening inventory.

However, although it is conceded that plaintiffs paid a total of $137,000 for inventory existing at the various times that they purchased interests in the business, they contend that they should be allowed an opening inventory of $208,000, the value as of January 1, 1964, of the purchased logs and lumber. The basis of this argument is the contention that opening and closing inventories are to be evaluated by the same method and, since the department is using a 1964 value for determining a closing inventory, the same value should be used for determining an opening inventory. All that plaintiffs are entitled to, as an offset against the value of their inventory at the end of 1964, is the $137,000 they originally invested in inventory upon the purchase of the business. All other costs of inventory (inflated and otherwise) have already been used as a deduction.

The judgment of the trial court is modified to allow the taxpayers an opening inventory as of January 1, 1964, of $137,000.