991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnnie L. MORGAN, Defendant-Appellant.
 No. 92-6020.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1993.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 91-20182, Gibbons, J.
 W.D.Tenn.
 AFFIRMED.
 Before KEITH and SILER, Circuit Judges, and WOODS, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Johnnie L. Morgan, appeals his conviction for aiding and abetting in the possession with intent to distribute cocaine base (commonly known as "crack"), in violation of 21 U.S.C. § 841(a)(1). For the reasons stated below, we AFFIRM Morgan's conviction.
 
 I.
 
 2
 On July 17, 1991, Michael Kitsmiller, a Tennessee Police Officer, obtained a search warrant for a house located on 1695 Orr Street in Memphis, Tennessee. The warrant was obtained based upon information provided by a confidential informant, who had given Kitsmiller reliable information in the past. The informant told Kitsmiller that crack cocaine was being sold from 1695 Orr Street, that the house had an iron door, and that lookouts were stationed at both corners of the street. Immediately prior to executing the warrant, the informant told Kitsmiller that a black man riding a bicycle and carrying a walkie-talkie would be stationed as a lookout on the north end of Orr street. The informant also gave Kitsmiller a description of the lookout.
 
 
 3
 While en route to execute the warrant, Kitsmiller observed a man fitting the informant's description on the north end of Orr Street. The man was riding a bicycle and wearing a transmitter radio. Kitsmiller radioed Officer Rufus Gates, who was behind him in a police van, and told Gates about the lookout. Gates stopped the man and searched him, finding a voice activated transmitter on his person. The man was then handcuffed and taken to 1695 Orr Street where a search of the premises was underway. The officers found a transmitter radio with wet ear phones and crack cocaine on the premises. The lookout was then formally placed under arrest and subsequently identified as Johnnie L. Morgan.
 
 
 4
 On July 23, 1991, Morgan was named in a one-count indictment for aiding and abetting in the possession with the intent to distribute approximately 25 grams of cocaine base, in violation 21 U.S.C. § 841(a)(1). On August 26, 1991, Morgan filed a motion to suppress his arrest and evidence seized from him, including a statement he made in which he confessed to his role as a lookout. After an evidentiary hearing, a magistrate judge recommended that the motion be denied. The district court adopted the magistrate's recommendation and denied the motion to suppress. Subsequently, Morgan was tried before a jury and found guilty as charged in the indictment. The district court sentenced Morgan to 140 months imprisonment and four years of supervised release. This timely appeal followed.
 
 II.
 
 5
 On appeal, Morgan raises several challenges to the validity of his conviction. These challenges are discussed seriatim below.
 
 A.
 
 6
 Morgan's first argument is that the district court erred in denying his motion to suppress because there was no probable cause for his arrest. We review the court's denial of Morgan's motion to suppress for clear error. See United States v. Coleman, 628 F.2d 961 (6th Cir.1980).
 
 
 7
 In Adams v. Williams, 407 U.S. 143, 147 (1972), the Supreme Court held that information provided by an informant, if sufficiently reliable, may constitute sufficient grounds for an investigatory stop. The Adams Court found that information provided by an informant had a sufficient indicia of reliability to justify stopping the defendant, where the officer knew the informant and had received reliable information from the informant in the past. As noted by the Court, "the policeman found Williams in possession of a gun in precisely the place predicted by the informant." Id. at 148. The Court further noted that once the officer found the gun, there was probable cause to arrest the defendant. Id. at 148-49.
 
 
 8
 The situation presented in the instant case is similar to Adams. Officer Kitsmiller acted on sufficiently reliable information provided by a confidential informant from whom he had received reliable information in the past. The informant told Kitsmiller that there would be a black man riding a bicycle and carrying a walkie-talkie on the north corner of Orr Street stationed as a lookout. While en route to conduct the search of 1965 Orr Street, Kitsmiller observed a person fitting the informant's description on the north corner of Orr Street, as the informant predicted. Kitsmiller then radioed this information to fellow officers who stopped and detained the lookout. The informant's information along with Kitsmiller's observations were sufficiently reliable to justify the detention and subsequent arrest of Morgan as a lookout for the drug house at 1695 Orr Street. See Id. Accordingly, the court properly dismissed Morgan's motion to suppress.
 
 B.
 
 9
 Morgan challenges the court's denial of his motion for judgment of acquittal, arguing that there was insufficient evidence to sustain his conviction for aiding and abetting in the possession with intent to distribute cocaine base. Morgan claims that he aided and abetted in the distribution, but not the possession with intent to distribute cocaine base.
 
 
 10
 We review the court's denial of Morgan's motion for judgment of acquittal by "viewing the evidence in the light most favorable to the prosecution." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). We must affirm the jury's verdict if we find that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.
 
 
 11
 In United States v. Morrow, 977 F.2d 222 (6th Cir.1992), this Court stated that aiding and abetting requires that the accused "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." Id. at 230 ( quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir.1938)). In United States v. Martin, 920 F.2d 345, 348 (6th Cir.1990), cert. denied, 111 S.Ct. 2038 (1991), we stated that:
 
 
 12
 One who acts as a lookout for another in possession of ... cocaine is one who associates himself with the criminal venture, participates in it, and seeks by his acts to make it succeed. Therefore, the evidence was sufficient to support a conviction of possession with intent to distribute.
 
 
 13
 We believe that a rational trier of fact could have found that Morgan's conduct as a lookout met all of the essential elements of aiding and abetting in the possession with intent to distribute "crack" cocaine. Accordingly, we find no error in the court's denial of Morgan's motion for judgment of acquittal.
 
 C.
 
 14
 Morgan contends that the court erred in precluding him from arguing that he aided and abetted in the distribution, but not the possession with intent to distribute "crack" cocaine. The record reflects that the court allowed Morgan to argue the factual issue of his intent, but did not permit him to make a legal argument to the jury regarding the validity of the indictment. The record shows that Morgan's attorney made the following statements during closing argument:
 
 
 15
 When he was hired and asked to assist in that, he was assisting in the transaction, the sales. That's distribution. Distribution is different from possession.
 
 
 16
 * * *
 
 
 17
 You have to charge people properly and convict them properly. In this case there has not been a proper indictment, and in that case--
 
 
 18
 (Appellant's Closing Argument, TR. at 80). The Government objected to defense counsel's reference to the validity of the indictment in his closing argument. The court sustained the objection, ruling that it was improper for defense counsel to make arguments to the jury regarding the validity of the indictment, which was a question of law that had already been decided on behalf of the Government.
 
 
 19
 The validity of an indictment is a question of law which must be determined by the trial court and not the jury. Eisner v. United States, 351 F.2d 55, 57 (6th Cir.1965); United States v. Chaney, 964 F.2d 437, 446 (5th Cir.1992). Therefore, we find no error in the court's ruling barring Morgan from making arguments to the jury regarding the validity of his indictment.
 
 D.
 
 20
 Morgan contends that the court erred in instructing the jury on the elements of possession, as well as the elements of aiding and abetting possession. He also contends that the court erred because his proposed jury instructions were not included in the jury charge. The record, however, reflects that there was sufficient evidence that Morgan aided and abetted in the possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 9841(a)(1). As the court noted in response to Morgan's motion for judgment of acquittal:
 
 
 21
 Mr. Morgan is properly charged with aiding and abetting in possession with intent to distribute, because he was facilitating the possession by providing a lookout to keep people away from the drugs which were possessed in the residence.
 
 
 22
 (Trial Transcript in Joint App. at 63).
 
 
 23
 We find no error in the court's instructions to the jury regarding the elements of possession and aiding and abetting possession. Likewise, we find no merit in Morgan's argument that the jury should have been instructed on aiding and abetting in the distribution of cocaine base. The record reveals no evidence of a specific act of distribution that would support an instruction on distribution, rather than aiding and abetting in possession with intent to distribute. See United States v. Sassak, 881 F.2d 276, 278 (6th Cir.1989). Accordingly, we find no error in the court's instructions to the jury.
 
 E.
 
 24
 Lastly, Morgan contends that the Assistant United States Attorney (AUSA) committed error in his closing argument by appealing to the community's interest regarding the importance of the "crack" cocaine problem. Morgan objects to the following statement made by the AUSA:
 
 
 25
 It is an important case, and it is important to Mr. Morgan, and it is important to the people of this district. You ladies and gentlemen I think appreciate how important the problem of distribution of crack is in our community.
 
 
 26
 (Court and Counsel in Joint App. at 68).
 
 
 27
 We review a trial court's decision regarding closing arguments for an abuse of discretion. See United States v. Alloway, 397 F.2d 105, 113 (6th Cir.1968). In determining whether the court abused its discretion in denying Morgan's objections to certain statements made by the AUSA during closing argument, we must first assess the appropriateness of those statements. A prosecutor should not make statements at trial that are "calculated to inflame" the jury by appealing to their "desires to end a social problem." United States v. Solivan, 937 F.2d 1146, 1153 (6th Cir.1991). However, we do not find that the AUSA's statements were "calculated to inflame" the jury or amounted to an appeal to the community's interest to end a societal evil by convicting Morgan. We believe the AUSA's statements were merely designed to impress upon the jury the importance of the case, and thus the importance of the judicial process. Accordingly, we do not find that the court abused its discretion in denying Morgan's objection to these statements.
 
 III.
 
 28
 For the foregoing reasons, we AFFIRM the judgment of conviction entered on May 1, 1992, by the Honorable Julia Smith Gibbons, United States District Judge for the Western District of Tennessee.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation