T.C. Memo. 2004-236

UNITED STATES TAX COURT

STEWART AND SHIRLEY OATMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5378-03.                 Filed October 14, 2004.

Stewart and Shirley Oatman, pro se.

<u>Elaine T. Fuller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in
petitioners' Federal income tax of $1,285 for 1999 and an
accuracy-related penalty of $257.

After concessions,[1] the issues for decision, all relating to petitioners' tax year 1999, are:

1.  Whether respondent bears the burden of proof under section 7491(a)[2] as to respondent's deficiency determination.  We hold that petitioners bear the burden of proof.

2.  Whether petitioners may deduct depreciation of their Crenshaw Blvd. and W. 66th Street rental properties in an amount greater than respondent allowed.  We hold that they may not with respect to the W. 66th Street property, and that depreciation with respect to the Crenshaw Blvd. property is calculated as discussed below.

3.  Whether petitioners may deduct a deposit of $30,087.57 they paid toward the purchase of the Crenshaw Blvd. rental property.  We hold that petitioners must capitalize that payment and include it in their basis in the Crenshaw Blvd. property, and recover that cost through their depreciation deduction discussed in issue 2.

---

[1]  Petitioners concede that they are not entitled to deduct $1,466 for charitable contributions, $4,725 for employee business expenses, $699 for miscellaneous expenses, and $1,601 for Schedule C (Profit or Loss From Business) losses.

[2]  Section references are to the Internal Revenue Code as amended and in effect in 1999.  Rule references are to the Tax Court Rules of Practice and Procedure.

4. Whether petitioners may deduct $1,304.14 they claim they paid to refinance their W. 66th Street rental property. We hold that they may not.

5. Whether petitioners may deduct as a bad debt the amount of a late rent penalty ($2,219) to which petitioners contend they were entitled but did not receive. We hold that they may not.

6. Whether petitioners are liable for the accuracy-related penalty for negligence for 1999. We hold that they are.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. <u>Petitioners</u>

Petitioners are married and lived in Los Angeles, California, when they filed their petition in this case.

B. <u>Petitioners' Rental Properties</u>

Petitioners bought a four-unit residential rental property at 8200, 8202, 8204, 8206 Crenshaw Blvd. (Crenshaw Blvd. property) for $222,305.91 on May 3, 1999. Petitioners paid a deposit of $30,087.57 as part of the purchase price.

The monthly rental rate for each Crenshaw Blvd. property unit was $550 in 1999. Three of those units were occupied for 8 months and the fourth was occupied 6 or 7 months in 1999. Petitioners received rent of $14,700 in 1999 from the Crenshaw Blvd. property tenants.

In 1999, petitioners also owned rental real estate at 1112 - 1114 W. 66th Street (W. 66th Street property) and 10.85 acres of rental real estate in San Luis Obispo, California (San Luis Obispo property).  In 1999, petitioners received rent of $8,100 from their W. 66th Street property tenants, and $0 from the San Luis Obispo property.

C.   Petitioners' Tax Return and Respondent's Notice of Deficiency

Petitioners timely filed their Federal income tax return for 1999.  In it, they claimed depreciation deductions for 1999 of $8,000 for the Crenshaw Blvd. property and $3,600 for the W. 66th Street property.  Petitioners also deducted the amount of a late rent penalty ($2,219) to which petitioners contend they were entitled but did not receive.

In the notice of deficiency, respondent determined that petitioners incorrectly calculated depreciation of the Crenshaw Blvd. property for 1999.  Respondent determined that petitioners' depreciable basis was $182,290.85 by subtracting $40,015.06 (to account for basis allocated to land) from the $222,305.91 purchase price.  Respondent then applied the straight-line method of depreciation over 27.5 years which resulted in $6,628.75 allowable depreciation for the year.  Respondent reduced that amount to $3,867 to account for the fact that petitioners owned the Crenshaw Blvd. property for 7 months in 1999.  Respondent disallowed petitioners' $2,219 bad debt deduction.

OPINION

A.  Whether Respondent Bears the Burden of Proof Under Section 7491(a)

Petitioners contend that respondent bears the burden of proof under section 7491(a).  We disagree.

Under section 7491(a), the Commissioner bears the burden of proof with respect to factual issues if, inter alia, the taxpayer has: (1) Complied with substantiation requirements under the Internal Revenue Code, sec. 7491(a)(2)(A); (2) maintained all records required by the Internal Revenue Code, sec. 7491(a)(2)(B); and (3) cooperated with reasonable requests by the Secretary for information, documents, and meetings, id. Taxpayers bear the burden of proving that these requirements are met.  See H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. 105-174, at 45 (1998), 1998-3 C.B. 537, 581.  The record does not show whether petitioners substantiated their bases, kept records of their expenses, or cooperated with respondent's agents.  Thus, section 7491(a) does not apply. Respondent's determination is presumed to be correct, and petitioners bear the burden of proof.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

B.  Whether Petitioners May Deduct More Depreciation on the Crenshaw Blvd. Property Than Respondent Allowed for 1999

Petitioners contend that they may deduct depreciation of $11,059 with respect to the Crenshaw Blvd. property for 1999.

Petitioners contend that they may calculate the depreciation deduction for their Crenshaw Blvd. property based on the total amount of their payments of principal and interest over 30 years, rather than the purchase price. Petitioners contend that their method of calculating depreciation is allowable under sections 167(c), 1011, and 1012 and the underlying regulations, Crane v. Commissioner, 331 U.S. 1 (1947), and Commissioner v. Oxford Paper Co., 194 F.2d 190 (2d Cir. 1952). We disagree. Depreciation deductions are allowed on the basis of property, sec. 167(c), and the basis of property does not include interest paid on the mortgage used to acquire the property, see secs. 1012, 1016.

Residential rental property placed in service after December 31, 1986, has a recovery period of 27.5 years and is depreciable using the straight-line method. Sec. 168(c), (b)(3)(B). The applicable convention for residential rental property is the midmonth convention. Sec. 168(d)(2). Petitioners improperly calculated depreciation by using a useful life of 17.5 years, based on a full year of ownership for 1999.

We conclude that petitioners may deduct depreciation with respect to the Crenshaw Blvd. property for 1999 calculated by first subtracting the amount allocable to land from the purchase price and then, for the remaining amount, applying the straight-line method of depreciation over 27.5 years using the midmonth convention based on purchase on May 3, 1999. The parties shall

calculate depreciation with respect to the Crenshaw Blvd. property for 1999 under Rule 155.

C.  <u>Whether Petitioners May Deduct More Depreciation on the W. 66th Street Property Than Respondent Allowed for 1999</u>

Petitioners contend that they may deduct depreciation of $16,714 with respect to the W. 66th Street property.  We disagree.  Petitioners make the same argument relating to the W. 66th Street property as discussed in paragraph B, above.  We disagree for the reasons stated in paragraph B, above.

D.  <u>Whether Petitioners Must Capitalize the Deposit They Paid To Acquire the Crenshaw Blvd. Property</u>

Petitioners contend that they may deduct an earnest money deposit of $30,087.57 they paid in 1999 for the Crenshaw Blvd. property.  We disagree.

Petitioners paid the $30,087.57 deposit to acquire the Crenshaw Blvd. property.  No deduction is allowed for capital expenditures.  Sec. 263(a).  Amounts paid to acquire property having a useful life substantially beyond the taxable year must be capitalized.  Sec. 1.263(a)-2(a), Income Tax Regs.  Thus, petitioners must capitalize the $30,087.57 deposit, include it in their basis in the Crenshaw Blvd. property, and recover that cost as part of their depreciation deduction discussed at paragraph B, above.

E.  Whether Petitioners May Deduct $1,304.14 That They Claim They Paid To Refinance the W. 66th Street Property

Petitioners contend that, on August 5, 1999, they paid $1,304.14 to refinance the W. 66th Street property, and that they may deduct this amount for 1999. We disagree for several reasons. First, petitioners raised this issue for the first time on brief. Generally, we do not consider an issue raised for the first time on brief and do not do so here. DiLeo v. Commissioner, 96 T.C. 858, 891 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Torres v. Commissioner, 88 T.C. 702, 718 (1987). Second, even if we considered this argument, there is no evidence that petitioners paid any amount to refinance the W. 66th Street property in 1999. Third, deduction of this amount for 1999 is not appropriate because a taxpayer generally must capitalize the cost of refinancing property that is not a principal residence. Sec. 461(g)(1).

F.  Whether Petitioners May Deduct $2,219 as a Bad Debt

Petitioners contend that they may deduct as a bad debt in 1999 a 1-percent penalty for late rent, totaling $2,219, that they claim their Crenshaw Blvd. property tenants owe them but have not paid. We disagree.

A taxpayer may deduct a debt that becomes worthless in the taxable year. Sec. 166(a)(1). However, an unpaid amount is not deductible as a bad debt unless the taxpayer has included the amount in income for the year for which the bad debt is deducted

or for a prior tax year. <u>Gertz v. Commissioner</u>, 64 T.C. 598, 600 (1975).[3]

Petitioners contend that they included $2,219 in income in 1999. We disagree. Petitioners reported on their 1999 return that they received rent of $14,700 from the Crenshaw Blvd. property in 1999; they did not report any other income related to the Crenshaw Blvd. property on that return. We conclude that petitioners may not deduct $2,219 as a bad debt for 1999.

G.  <u>Whether Petitioners Are Liable for the Accuracy-Related Penalty</u>

Respondent met the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662 because petitioners conceded that they are not entitled to deduct certain charitable contributions, employee business expenses, miscellaneous expenses, and Schedule C losses, and they figured their tax liability for 1999 by computing depreciation using clearly improper methods.[4]

---

[3]  See also sec. 1.166-1(e), Income Tax Regs., which provides:

> Worthless debts arising from unpaid wages, salaries, fees, rents, and similar items of taxable income shall not be allowed as a deduction under section 166 unless the income such items represent has been included in the return of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year.

[4] We could also conclude that respondent has no burden of production under sec. 7491(c) where, as here, petitioners failed
(continued...)

We conclude that petitioners are liable for the accuracy-related penalty under section 6662 because they have neither contended nor offered evidence to show that they are not so liable.  Rule 34(b)(4).

To reflect the foregoing,

                                        Decision will be

                                        entered under Rule 155.

---

⁴(...continued)
to challenge (and we deem them to have conceded) the accuracy-related penalty.  See Funk v. Commissioner, 123 T.C. __, __ (2004) (slip op. p. 9); Swain v. Commissioner, 118 T.C. 358, 364-365 (2002); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982).